440 A.2d 514

**PENN CLAIR CONSTRUCTION COMPANY, a Pennsylvania Corporation,**

v.

**EDEN ROC COUNTRY CLUB, A Pennsylvania Non-Profit Corporation,**

v.

**Harry Alan SHERMAN, Robert F. Rainey, Paul Blank, Trustees of the Eden Roc Country Club Trust Fund, Appellants.**

Superior Court of Pennsylvania.

Argued Sept. 2, 1981.

Filed Dec. 18, 1981.

378

Before WICKERSHAM, BECK and WIEAND, JJ.

BECK, Judge:

This is an appeal from an order refusing to open judgment by default entered against defendants/appellants.

The basic facts are demonstrated by the following chronology:

| | |
|---|---|
| June 1, 1977 | Complaint filed |
| July 6, 1977 | Preliminary Objections to Complaint |
| August 19, 1977 | Answer to Preliminary Objections |
| June 23, 1978 | Preliminary Objections Dismissed for failure to prosecute |
| October 2, 1978 | Judgment by Default entered on praecipe of appellee |
| September 10, 1979 | Petition to Open Judgment by Default filed by appellants |

The Petition to Open filed by appellants recites, and appellants were able to show by deposition, that they initially retained the firm of Waltz and Bergman, which firm assigned Henry B. Waltz, Jr. to represent appellants. Henry B. Waltz, Jr. died on December 26, 1977, after which the firm "turned over the file" [1] to Irving L. Bloom, Esquire. Irving L. Bloom, Esquire permitted judgment by default to be entered against appellants with full knowledge that said judgment would be entered.

The Petition to Open further recites that "Defendants have a meritorious defense to the action" and alleges certain facts averred to present such a defense.

■ On appeal, the only claim raised by appellants which was also presented to the court below [2] is that a default

1. Appellants do not discuss the relationship of attorney Bloom to the firm retained by them nor do they allege that attorney Bloom was unauthorized to act for them. Such a claim is, however, suggested in appellants' brief in the course of arguments not raised below (see footnote 2, infra). For the purpose of this appeal, relating solely to the Petition to Open filed with the court below, any such claim has been waived and it must be taken as fact that attorney Bloom was the authorized attorney for appellants.

2. For the first time on this appeal, appellants attempt to raise the following issues:

(a) That the judgment as entered against Harry Alan Sherman, Robert F. Rainey and Paul Blank as individuals is void from the face of the record in that none was served as an individual.

No Petition to Strike the Judgment for defect appearing of record has ever been filed in this action, and this issue is therefore not before this court.

(b) That default judgment against Eden Roc Country Club is "void or voidable" in that the record shows that said defendant was never served and appellant Eden Roc Country Club now claims that Waltz and Bergmen were not authorized to enter appearance for said defendant.

judgment cannot be entered upon the consent of the attorney for the party against whom the judgment is entered unless express consent of that party is demonstrated of record.[3]

■ A Petition to Open a judgment is addressed to the sound discretion of the trial judge and the decision of the trial judge will not be disturbed absent a showing that there was an error of law affecting the decision or that there was an abuse of discretion.[4]

■ In the instant case, we find that the en banc court below correctly applied the law and that there has been no abuse of discretion. The order appealed from is therefore affirmed.

■ As pointed out in the opinion of the lower court, there are three basic requirements which must be addressed in a petition to open a judgment. These are that the petitioner has shown due diligence under the circumstances in the filing of the petition,[5] the failure to file a timely answer is

This claim that entry of appearance was not authorized was not raised by Eden Roc Country Club in the court below and has therefore been waived. This issue is therefore not before this court.

(c) That the court below should have "taken judicial notice" of record discrepancies in the said default judgment even though such discrepancies were not raised by petition.

Neither the lower court nor this court is required to investigate the record in search of claims not raised by the parties. On the contrary, the courts have jurisdiction only to determine the matters validly presented to them. See e.g., American Vending Co., Inc. v. Brewington, 289 Pa.Super. 25, 432 A.2d 1032, note 5 at 1036 (1981). Defects in judgments appearing of record are subject to attack by Motion to Strike. No such motion was filed in this action.

3. This claim on appeal is presented in a form of legal claim not presented to the lower court. However, the facts on which this claim is based are those which were the subject matter of the Petition to the lower court. It is therefore validly presented to this court for review.

4. *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971); *Triolo v. Philadelphia Coca Cola Bottling Co.*, 440 Pa. 164, 270 A.2d 620 (1970); *Fox v. Mellon*, 438 Pa. 364, 264 A.2d 623 (1970).

5. *Zellman v. Fickenscher*, 452 Pa. 596, 307 A.2d 837 (1973); *Pappas v. Stefan*, 451 Pa. 354, 304 A.2d 143 (1973); *King v. Evans*, 281

shown to be reasonably explained or due to excusable neglect[6] and a meritorious defense to the action is fully alleged.[7] In the instant case, we do not reach the question of whether the facts alleged by appellants set forth a meritorious defense to appellee's action in ejectment in light of the fact that neither of the other two prerequisites has been satisfied.

First, neither the Petition filed with the court below nor the brief filed in this court addresses the issue of due diligence in the filing of Petition to Open. Docket entries indicate that notice of entry of the judgment was sent to defendants on October 2, 1978. Trustee appellants admit to actual knowledge of the entry of judgment no later than March of 1979. Thus the very minimum delay in acting to challenge the judgment entered is shown to be a delay of six months. This clearly does not show "due diligence" on the part of appellants in acting to protect their rights, but on the contrary demonstrates that absent a showing to the court of good reasons for such delay, which reason has not even been alleged, appellants slept on their rights and thus waived any claim to any defect in the judgment not appearing of record.[8]

Pa.Super. 219, 421 A.2d 1228 (1980); *Schutte v. Valley Bargain Center, Inc.*, 248 Pa.Super. 532, 375 A.2d 368 (1977).

**6.** For a discussion of cases finding neglect inexcusable as opposed to those finding neglect excusable, see *Peoples National Bank of Susquehanna County v. Hitchcock*, 278 Pa.Super. 375, 420 A.2d 589, 592 (1980). Settlement negotiations, put forth by original counsel as a reason for his deciding to *acquiesce* in entry of default judgment, have uniformly been held to provide an inadequate reason for failing to answer the complaint. See *Kennedy v. Black*, 492 Pa. 397, 424 A.2d 1250 (1981).

**7.** See *e.g., Ecumenical Enterprises v. Nadco Construction, Inc.*, 253 Pa.Super. 386, 385 A.2d 392 (1978) (need not try case on the merits in order to open judgment, but facts must be set forth with sufficient specificity to show meritorious defense is asserted) and cf. *Bell Federal Savings & Loan Assn. v. Laura Lanes, Inc.*, 291 Pa.Super. 395, 435 A.2d 1285 (1981).

**8.** A defect in judgment appearing from the face of the record is subject to attack by Motion to Strike the judgment filed within a reasonable time after discovery of the defect. See *e.g., Main Line*

Nonetheless, had the court been fraudulently induced to enter a judgment, as would be the case where a consent judgment had been entered upon a fraudulent representation of authority, this court would permit wide latitude in the assertion of such a claim.[9] In such a case, the affirmative representation made would be the only subject for proof and would not require extensive trial on the collateral matter. Here, however, it is the silence of the parties and of their attorney which has resulted in the entry of judgment. To determine the relative responsibility for the delay in asserting a defense to the action would require a full scale trial of what is in effect a malpractice claim asserted against the attorney. In this instance, the appellee has demonstrated patience in affording appellants every opportunity to assert a defense, and is very far from having taken a "snap" judgment.[10] Appellee may not be subjected to further delay for trial of claims between the defendants and attorneys relating to matters which may in no way be laid at the door of appellee. Finally, although justice certainly requires that we ensure that appellants not be made the victims of judgments lightly entered, our overburdened courts may not be

*Abstract Co. v. Penn Title Insurance Co.*, 282 Pa.Super. 545, 423 A.2d 379 (1980). No issue relating to defects of record is presented, or determined, in this appeal. See note 2 *supra*.

**9.** See *e.g., Senyshyn v. Karlak*, 450 Pa. 535, 299 A.2d 294, 296 (1973); *Starling v. West Erie Ave. Bldg. & Loan Assn.*, 333 Pa. 124, 3 A.2d 387 (1939); *Garnet v. D'Alonzo*, 55 Pa.C. 263, 422 A.2d 1241 (1980).

**10.** Although Rule 237.1 requiring the giving of written notice of intention to seek default judgment effective February 1, 1980 was not in effect at the time of entry of judgment herein, the record reveals that appellee did repeatedly warn then counsel for appellants that judgment would be entered. Following entry of judgment, appellee made repeated attempts to achieve a solution which would not inconvenience appellants prior to seeking to enforce the judgment. As well stated in *Triolo v. Philadelphia Coca Cola Bottling Co., supra*:

"[T]his is not a case where [Appellee] ... made a studied attempt to obtain a default judgment, see *Fox v. Mellon* .... [Appellee] carefully and explicitly preserved his rights. He certainly cannot be foreclosed from exercising them because he was courteous and extended the time limits."

270 A.2d at 622.

required to endlessly reopen judgments validly entered in civil actions in order to determine claims between parties and their attorneys. Appellants must be relegated to their legal remedies against their attorney.

Order affirmed.

WIEAND, J., concurs in the result.