480 A.2d 322

VISION SERVICE PLAN OF PENNSYLVANIA, a
Not-For-Profit Corporation,

v.

PENNSYLVANIA AFSCME HEALTH AND WELFARE
FUND; Gerald W. McEntee, Trustee; Jesse C.
Newcomer, Trustee and Administrator, Appellants.

Superior Court of Pennsylvania.

Argued Oct. 27, 1983.

Filed Aug. 17, 1984.

Petition for Allowance of Appeal Granted Feb. 20, 1985.

Jonathan Walters, Pittsburgh, for appellants.

John J.B. Jones, Pittsburgh, for appellee.

Before CAVANAUGH, JOHNSON and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The history of this case is set forth in the Opinion which was filed in this matter on April 13, 1984, 326 Pa.Super. 474, 474 A.2d 339. Pursuant to our request, and after reconsideration, the lower court has prepared and filed a supplemental opinion, setting forth its conclusion that the Defendant-Appellants' Preliminary Objections were properly rejected by the Allegheny County Prothonotary as a result of the Appellants' failure to accompany them with a brief, as required by Allegheny County Administrative Order No. 43. We can discern no error in this holding, which appears to conform literally to Administrative Order No. 43. Accordingly, it is clear, in light of the discussion and conclusions set forth in our earlier Opinion in this case, that the unfiled preliminary objections could not serve as a bar to the entry of a default judgment in favor of the Plaintiff-Appellee.

■  Although the significant questions relating to the attempted filing of the Appellants' preliminary objections have been resolved, issues remain to be addressed concerning the Appellants' subsequently filed petitions to strike, or, in the alternative, to open the default judgment.  It is well-established that a petition to strike a judgment is properly granted only when a defect in the original judgment appears on the face of the record. *Equibank, N.A. v. Dobkin*, 284 Pa.Super. 143, 425 A.2d 461 (1981).  The decision of the lower court as to whether to grant a petition to open a judgment is based upon equitable considerations. *Foerst v. Rotkis*, 244 Pa.Super. 447, 368 A.2d 805 (1976).  A court should open a default judgment only when three conditions have been met:  (1) the petition must have been promptly filed;  (2) the default which led to the judgment must be satisfactorily explained;  and (3) the existence of a meritorious defense to the cause of action must be shown. *Kabanow v. Kabanow*, 239 Pa.Super. 23, 361 A.2d 721 (1976).

The only arguable basis for the Appellants' petition to strike was the contention that the judgment was defective because of the Appellee's alleged failure to file an affidavit of non-military service.  We have already rejected that contention.  See footnote 3 of our April 13, 1984 Opinion in this case.

■  With regard to the petition to open, it is first apparent, and uncontested by the Appellee, that the Appellants moved expeditiously to seek to have the judgment opened in this case, having filed their petition within a few days after notification that a judgment had been entered.  We therefore direct attention to the second requirement, that the moving party show some reasonable explanation for its failure to file a timely response which would have precluded a default.  On that point, we find no basis to disturb the lower court's rejection of Appellants' petition to open the judgment.[1]

1.  The lower court's original opinion did not explicitly discuss the court's reasoning with respect to the three-pronged inquiry appropri-

In their petition to open judgment, the Appellants set forth:

13. Defendants' failure to timely file its [sic] Preliminary Objections is excusable under the circumstances for the following reasons:

(a) Counsel for Defendants did timely mail Preliminary Objections to the Prothonotary, with a copy to Plaintiff's counsel.

(b) Defendants had no notice that said Preliminary Objections were not docketed until receipt of the letter from the Prothonotary's office on November 12, the date said Praecipe for Entry of Default Judgment was filed.

(c) Counsel for Defendants have attempted with reasonable diligence for approximately one year to obtain a copy of the local rules of the Court without success.

(d) Plaintiff has obtained a "snap judgment" in a matter expressly disfavored by the Courts of Pennsylvania.

(e) Plaintiff will not be prejudiced in any way if the default judgment is opened, since the Defendants' alleged failure to file a timely responsive pleading is a matter of days which in no way affects Plaintiff's ability to prove its entitlement to judgment on the merits.

It is apparent that none of the grounds asserted would compel the conclusion that the Appellants' late filing of a response to the Complaint should have been excused.

Examining the Appellants' assertions seriatim, we first note that the Appellants' counsel admitted during argument before the lower court that the preliminary objections were not placed in the mail on November 2, 1981, as asserted, but were mailed on November 4, 1981, a day after that agreed to by the parties as the last day for filing of Appellants' response. Next, the fact that Appellants did not receive

ate in the consideration of a petition to open a default judgment. However, it is implicit in both the lower court's disposition of this case, as well as in the general discussion in its opinion, that it discerned no reasonable excuse for the Appellants' failure to file a timely response to the Appellee's Complaint.

notice that their preliminary objections were not docketed until they were notified of the entry of the default judgment does not satisfactorily explain their failure to file a timely response, within the extended period agreed to with the Appellee. The third assertion, relating to counsel's alleged unsuccessful attempts to obtain rules of the Allegheny County Court for approximately one year also cannot be deemed to justify Appellants' late filing. We must also reject the fourth assertion set forth in the petition to open, as we do not find that the Appellee obtained a "snap" judgment in this case. By the letter from Appellee's counsel dated October 20, 1981, the Appellants were afforded their appropriate rights under Pennsylvania Rule of Civil Procedure 237.1(a), which was designed to avoid "snap" judgments. We find no such problem here. Compare *Safeguard Investment Co. v. Energy Service Associates, Inc.,* 258 Pa.Super. 512, 393 A.2d 476 (1978). Finally, as to the last point argued, it is obvious that the prejudice or lack thereof to the Appellee is not relevant to the question of whether there is any reasonable basis to explain and excuse the Appellant's failure to file a timely response. Therefore, it is evident that none of the five arguments advanced by the Appellants to justify their late response has arguable merit.

In the resolution of whether the Appellants established that there was an excuse for their failure to make a timely response, one remaining aspect of this case deserves discussion. Although they assert to our Court that in their petition to open the judgment they did not "address" the question of why their preliminary objections were filed late, we have noted above that this issue was raised in that petition. See the excerpt from the petition set forth above. The Appellee filed a response in which it specifically stated: "Defendant [sic] has no valid legal excuse for failing to timely file a responsive pleading on or before the agreed deadline of November 3, 1981, and/or for failing to request or obtain an extension of time for filing the same." A show cause hearing was held by the lower court on the petition to

open. See and compare *Shainline v. Alberti Builders, Inc.*, 266 Pa.Super. 129, 403 A.2d 577 (1979), regarding the procedure to be followed. At the hearing, in response to the court's questions, counsel for Appellants explained that the deadline for a response had been missed because he was busy with other trials and with legal research. He also explained that he had not asked for a further extension of time because he had not had a problem with any opposing counsel as a result of late filings in any other case for the prior three years. For some reason, the Appellants did not place evidence in the record in the form of testimony by any witness at the hearing to support such assertions by counsel. Such evidence could also have been submitted by deposition testimony, as provided in Pennsylvania Rule of Civil Procedure 209, a procedure alluded to by the Appellants in their brief in support of reconsideration filed in the lower court. It is therefore clear that the Appellants failed to present evidence to the lower court which would have allowed it to consider opening the judgment because of the conduct of counsel. On that issue see *Peoples National Bank of Susquehanna County v. Hitchcock*, 278 Pa.Super. 375, 420 A.2d 589 (1980), and cases cited therein. Because the Appellants have failed to place any evidence in the record however, neither the lower court nor our Court would be justified in finding that the conduct of counsel could provide any justification for the Appellants' failure to respond to the Complaint on a timely basis.

Thus, although default judgments may often be viewed with disfavor, we find no basis in the record in this case to hold that the lower court's refusal to strike or open the Appellee's judgment constituted a manifest abuse of discretion or an error of law. Compare *Paules v. Sminkey*, 290 Pa.Super. 223, 434 A.2d 724 (1981). In view of our conclusion that the lower court did not err in denying the Appellants relief because a sufficient excuse for the failure to timely respond had not been offered, it is unnecessary for us to reach the issue of whether or not the Appellants satisfied their burden of showing a meritorious defense.

The order of the lower court is hereby affirmed.