528 A.2d 1369

**Hopeton CROSS and Jethro Cooke, Appellees,**

**v.**

**50TH WARD COMMUNITY AMBULANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued March 11, 1987.

Filed July 21, 1987.

76

Christopher J. Pakuris, Philadelphia, for appellant.

Edward T. Feierstein, Philadelphia, for appellees.

Before CIRILLO,* President Judge, and McEWEN and MONTEMURO, JJ.

MONTEMURO, Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County denying appellant's petition to open a default judgment.[1] Because appellant's petition is inadequate, we affirm.

* President Judge Cirillo replaced the deceased Justice Roberts.

1. Although appellant's petition to the trial court was labeled a petition to open or strike, on appeal, appellant pursues only the merits of the petition to open and does not offer alternative arguments that would support striking the default judgment.

This litigation arose out of an accident between an ambulance owned by appellant and a car occupied by appellees. On April 26, 1985, appellees Hopeton Cross and Jethro Cooke filed a complaint alleging that their injuries were caused by the negligence of the driver of the ambulance owned by appellant 50th Ward Community Ambulance Company. The record indicates that on May 7, 1985, service was made at appellant's headquarters to Charles Motley, Field Director. On June 17, 1985, appellees sent to appellant a notice of intent to take a default judgment. On June 28, 1985, a default judgment was entered against appellant on the issue of liability only. Notice of judgment was sent to appellant pursuant to Pa.R.C.P. 236. Appellant claims that it did not receive the notice of intent to take a default judgment until August 6, 1985. On May 30, 1986, nine and a half months after receiving notice of the default judgment, appellant filed a petition to open or strike the default judgment.[2] Appellees answered. On July 15, 1986, the court of common pleas reviewed the petition, the answer and the parties' memoranda of law and denied appellant's petition on the ground that it was not filed promptly.

This appeal raises two issues: (1) was the record ripe for judicial action when the court denied the petition, despite neither party having taken any action pursuant to Pa.R.C.P. 209; and (2) did the court abuse its discretion when it denied appellant's petition?[3] We find that the record was ripe for adjudication and that the court did not abuse its discretion.

In the first issue presented by this case, appellant contends that we should remand this action to the court of common pleas because it acted prematurely when it denied the petition. Appellant claims that there were disputed

2. We note that appellant's petition was not verified pursuant to Pa.R. C.P. 206. Nonetheless, because appellees filed a responsive pleading, also unverified, they have waived their right to object to the defect. See 1 Goodrich-Amram 2d § 206.6 (1976).

3. Appellant actually presents the second issue as two questions:
(1) Was the petition promptly filed?
(2) Did appellant allege an adequate excuse for failure to answer the complaint in a timely fashion?
These questions are incorporated in our general statement of issue (2).

issues of fact raised by the petition and answer, and that no depositions had been taken pursuant to Pa.R.C.P. 209.[4] Appellant further asserts, quite correctly, that appellees did not take a rule as of course on appellant to show cause why appellant should not either take depositions or order the cause for argument. Appellant argues that this inaction by both parties should have prevented the court from taking any action on the petition and answer. We reject appellant's argument.

We first note that:

A petition to open a default judgment is an appeal to the court's equitable powers. The grant or denial of a petition to open a default judgment is a matter vested in the sound discretion of the trial court, whose decision thereon will not be reversed in the absence of an abuse of discretion or error of law. In determining whether a judgment by default should be opened, the court acts as a court of conscience. *'In order to open a default judgment, the Petition to Open must be: (1) promptly filed, (2) state an adequate excuse why a timely answer was not filed, and (3) show a meritorious defense.'* *Keystone Boiler Works, Inc. v. Combustion & Energy Corp.*, 294 Pa.Super. 145, 148, 439 A.2d 792, 794 (1982). "All three criteria must be met, and the three requirements must 'coalesce'." *Id.*

**4.** Pa.R.C.P. 209 provides:

**Duty to Petitioner to Proceed After Answer Filed**

If, after the filing and service of the answer, the moving party does not within fifteen days:

(a) Proceed by rule or by agreement of counsel to take depositions on *disputed issues of fact;* or

(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

(Emphasis added.)

*Ridgid Fire Sprinkler Service v. Chaiken,* 333 Pa.Super. 213, 217, 482 A.2d 249, 251 (1984) (citations omitted) (emphasis added). The general rule that the court must find all elements of the three-part test before it can exercise its discretion to open a default judgment has been reiterated and applied by the Pennsylvania courts in many recent cases. *See, e.g., Schultz v. Erie Insurance Exchange,* 505 Pa. 90, 477 A.2d 471 (1984); *Estate of Levy by Levy v. CNA Insurance Co.,* 338 Pa.Super. 191, 487 A.2d 919 (1985); *Continental Bank v. Rapp,* 336 Pa.Super. 160, 485 A.2d 480 (1984); *Ridgid Fire Sprinkler Service, Inc. v. Chaiken, supra,* and *Vision Service Plan of Pennsylvania v. Pennsylvania AFSCME Health and Welfare Fund,* 331 Pa.Super. 217, 480 A.2d 322 (1984). In denying petitions to open default judgments courts have found routinely that a petitioner's failure to meet any "prong" of the three-part test is fatal to obtaining the relief sought. Generally, courts will not examine the facts alleged to sustain the other two prongs because failure to offer sufficient facts under one prong defeats the petition. *See, e.g., Schultz, supra; Vision Service Plan, supra.*[5]

**5.** The general rule that, in order to succeed, a petitioner must meet all three prongs of the test has been applied by the courts almost uniformly. However, in *Provident Credit Corporation v. Young,* 300 Pa.Super. 117, 446 A.2d 257 (1982) (*en banc*), this court stated *in dicta* that "where some showing has been made with regard to each part of the test, a court should not blinder itself and examine each part as though it were a water-tight compartment, to be evaluated in isolation from other aspects of the case." *Id.,* 300 Pa.Superior Ct. at 131, 446 A.2d at 264. The court stressed the equities of the case before it wherein a widow of limited education had lost her home because she had co-signed for a loan upon which her brother had defaulted and upon which a default judgment had been entered.

While we do not believe that a court of equity should inflexibly adhere to a strict analytical framework to make decisions, it is unnecessary that a court examine each prong of the three-part test before denying a petition to open. Moreover, by applying the principle expressed in *Provident,* a court might find a petitioner's action or inaction concerning one of the three elements to tip the balance of equities so against his or her favor that there is no need to examine the facts alleged with respect to each "prong." *See Hardware Wholesalers, Inc. v. Swope,* 309 Pa.Super. 321, 323, 455 A.2d 180, 181 (1983) (the existence of the three prongs depends upon "equitable considerations").

■ Appellant's petition avers no facts with regard to its failure to answer the complaint in a timely fashion (the "reasonable excuse" prong). Rule 209 procedure is appropriate only where factual issues engendered by a petition and answer are "ripe for resolution," *see Shainline v. Alberti Builders*, 266 Pa.Super. 129, 136, 403 A.2d 577, 580 (1979).[6] Because appellant has failed to allege any facts with respect to one prong of the three-part test, we find a remand to be both unwarranted and unnecessary.

■ To explain its delay in answering appellees' complaint, appellant states only that "[i]t is denied that service was properly made upon the answering defendant."[7] Ap-

6. We note that because this petition was filed in Philadelphia County, a local rule governs the situation. Cases are listed automatically on a petition and answer, but the local rule authorizes the use of Rule 209 procedure if the court finds a factual dispute:

*(E) Disposition of Motions*
When a matter is filed in the Motion Court, it shall be referred to a Judge for decision, except those set forth in Section (F) hereof. The assigned Judge shall initially review the filing and response to determine whether any disputed issues of fact exist. *Where it appears that disputed issues of fact exist which must be resolved under Pa.R.C.P. 209, the Judge shall enter a rule upon the parties to proceed in accordance with Rule 209.* Any filings pursuant to Rule 209 shall be made directly with the assigned Judge.

Phila.C.P. & Munic.Ct.R. 140(E) (1980) (emphasis added). Since the local rule applies in this case but expressly states that Rule 209 procedure is to be used to resolve factual disputes, we will confine our discussion to Rule 209.

7. For the first time on appeal, appellant supplies facts to support its allegation that service was improper. Appellant asserts that it never received service of the complaint and that the return of service is facially defective because it fails to identify the person served as appellant's employee or agent. Appellant never made these allegations to the trial court either by petition or by memorandum in support thereof. In its memorandum of law addressed to the court of common pleas, appellant alleged only that "proper service was not performed." Although we acknowledge that facts contained only in a brief will not bolster an inadequate petition, *see Tony Palermo Construction v. Brown*, 326 Pa.Super. 566, 474 A.2d 635 (1984), we note this deficiency only to illustrate that the court of common pleas had *no facts* before it alleging a reasonable excuse for failure to answer the complaint. Appellant has, therefore, waived his right to make such allegations and arguments on appeal. *See Kenworthy v. Burghart*, 241 Pa.Super. 267, 270, 361 A.2d 335, 337 (1976), *appeal dis-*

pellant offers no facts to support this allegation. The allegation is a conclusion of law [8] and as such does not give rise to a disputed issue of fact that requires resolution under Rule 209.

■ Moreover, even if we were to assume that appellant's allegation was not a conclusion of law, it is questionable whether appellant's averment concerning its "reasonable excuse" for failing to answer the complaint is material. The "fact" that service was "improper" does not by itself state a reasonable excuse. Improper service can occur where there is merely a technical defect in service, but that fact alone would not excuse appellant from answering the complaint. Appellant could have had actual notice of the litigation where some "nonfatal" defect in service existed. If that were the case, appellant would have no excuse for failing to respond to the complaint.[9] *See, e.g., Miller v. Carr,* 221 Pa.Super. 306, 292 A.2d 423 (1972) (where no substantial rights of appellant were in jeopardy and appellant had received actual notice of litigation, the trial court could properly disregard procedural defects in service of process); *First National Bank & Trust Co. v. Anderson,* 7 Pa.D & C3d 627 (Somerset County 1977) (defective service

*missed* 478 Pa. 20, 385 A.2d 975 (1978) (contention that was neither briefed nor argued to trial court is waived on appeal).

8. It is the court's duty to draw conclusions of law from facts stated by a pleader or petitioner. 3 Standard Pennsylvania Practice 2d § 16:27 (1982). Appellant offered no facts from which the trial court could draw any conclusions as to the propriety or impropriety of service. Even appellant's memorandum of law to the trial court contained *no facts* alleging a reasonable excuse for failing to answer the complaint.

9. The record indicates that proper service was made on appellant on May 7, 1985, pursuant to Pa.R.C.P. 405(b) and 424 (formerly Pa.R.C.P. 1013 and 2180). The general rule regarding attacking the propriety of service is that "in the absence of fraud, a return under oath which is regular, full and complete upon its face, and fully conforms to the statutory requirements, is conclusive . . ., and may not be attacked by parol, extraneous or extrinsic evidence. . . ." 2 Standard Pennsylvania Practice 2d § 10:101 (1982) (citation omitted). *Accord Liquid Carbonic Corp. v. Cooper & Reese,* 272 Pa.Super. 462, 416 A.2d 549 (1979). The conclusiveness however does not extend to facts stated in the return on which the sheriff cannot be expected to have personal knowledge. *Hollinger v. Hollinger,* 416 Pa. 473, 477, 206 A.2d 1, 3 (1965).

sustained where defendant received process in time to defend and was not prejudiced thereby); *Bruning v. Maizite,* 2 Pa.D & C3d 632 (Northampton County 1977) (technical defects in service were overlooked where the defendant unquestionably had personal notice of the litigation). *See also* Pa.R.C.P. 126 ("[t]he rules shall be liberally construed").

■ Further weakening appellant's petition is the averment concerning the "promptness" prong, which although factual and not a conclusion of law, did not create a factual dispute with regard to a material issue. Therefore the "promptness issue" does not require Rule 209 resolution. *See Triffin v. Thomas,* 316 Pa.Super. 273, 275, 462 A.2d 1346, 1347 (1983) (petitioner must support *material allegations* with evidence). In order to satisfy the "promptness" prong of the three-part test, petitioner must show that he or she has exercised "due diligence under the circumstances in the filing of the petition," *Penn Clair Construction Co. v. Eden Roc County Club,* 294 Pa.Super. 377, 380, 440 A.2d 514, 516 (1981). Appellant alleges that its counsel "has discussed the possibility of resolving this matter with plaintiff's counsel, but his progress appears to have been stalled, the present motion as [is?] being filed." Petition ¶ 6. Appellees admitted that "in recent weeks" there had been some settlement discussion but denied "that such recent settlement discussion in any way hindered or misled [appellant] to not file a petition to open judgment on or about the time that judgment was entered." Answer ¶ 6. Therefore, a factual dispute existed, but it is unlikely that it was material. In other words, a resolution of the factual "dispute" concerning promptness would not have changed the court's decision to deny the petition.

■ Negotiating for a voluntary opening of judgment has been accepted as an excuse for not immediately filing a petition to open upon notice of judgment. *See, e.g., Butterbaugh v. Westons Shopper City, Inc.,* 300 Pa.Super. 331, 446 A.2d 641 (1982) (because defendant was negotiating to open judgments, its filing of two petitions three months

after notice of default judgments was considered prompt). However, before finding an allegation adequate to explain a delay in filing a petition to open, courts have generally required that the petitioner allege not only that there were ongoing negotiations, but also that plaintiff or its counsel "had engaged in conduct designed to confuse [petitioner-defendant] or lull her into a false sense of security." *Ridgid Fire Sprinkler Service v. Chaiken, supra,* 333 Pa.Super. at 219, 482 A.2d at 253 (three-month delay in filing petition). *Accord Kabanow v. Kabanow,* 239 Pa.Super. 23, 27, 361 A.2d 721, 723 (1976) (six-month delay); *Hersch v. Clapper,* 232 Pa.Super. 550, 553, 335 A.2d 738, 741 (1975) (three and a half-month delay). Appellant has failed to allege any such misleading conduct by appellees. Even accepting the petition's averments as true, it is questionable whether appellant has shown "due diligence under the circumstances in the filing of the petition," *Penn Clair Construction Co., supra,* 294 Pa.Super. at 380, 440 A.2d at 516. A nine-month period between notice of judgment and the filing of the petition, even if negotiations were being conducted, does not satisfy the promptness requirement.

There is no need to adhere blindly to Rule 209 procedure to conduct depositions on disputed factual issues that are not material to the disposition of the petition. *Cf. Merriam v. Cedarbrook Realty Inc.,* 266 Pa.Super. 269, 275, 404 A.2d 407, 410 (1979) ("[t]he court was not required to postpone a decision in this case pending endless, irrelevant dispositions, when the record before it was sufficient as a matter of law to dismiss the petition").

■ Having decided that Rule 209 procedure is inappropriate because there is no factual dispute concerning the "reasonable excuse" prong of the three-part test and no material factual dispute with regard to the "promptness" prong, there still remains to be decided the question of whether compliance with Rule 209 is nevertheless required before a court can act upon a petition to open. Our supreme court answered that question in the negative in a case similar to the one before us.

In *Schultz v. Erie Insurance Co.*, 505 Pa. 90, 477 A.2d 471 (1984), the facts averred in a petition to open a default judgment were not in dispute. There, plaintiff's general denial in answer to the petition constituted an admission of the facts averred in the petition. *See* 5 Standard Pennsylvania Practice 2d § 26.33 (1982). The supreme court affirmed the court of common pleas' denial of the petition to open even though the parties had only filed a petition and answer and had taken no further action. Given the general denial, the supreme court accepted the averments in the petition as true and found them "inadequate to provide a justifiable *explanation* why [defendant] failed to ... respond in a timely fashion." *Id.*, 505 Pa. at 93, 477 A.2d at 472. The supreme court concluded that "[u]nder the circumstances the court's action was quite proper; and [defendant's] argument, that the court's failure to wait for one of the parties to take depositions pursuant to practice set forth in Rule 209 constituted an abuse of discretion, is without merit." *Id.*, 505 Pa. at 94, 477 A.2d at 473. Thus, the court accepted as true all facts alleging a reasonable excuse and denied the petition because the allegations were inadequate to support the relief sought. *See also DiNardo v. Central Penn Air Services, Inc.*, 358 Pa.Super. 1187, 516 A.2d 1187 (1986) (because plaintiff's answer ineffectively denied the averments in defendant's petition to open, there were no factual disputes that would require a Rule 209 procedure, and the court could examine the facts as alleged in the petition).

■ In the case now before us, because Rule 209 procedure is not required for the resolution of factual disputes created by appellant's petition and the response thereto, the court did not act prematurely when it took action on the petition. Moreover, since the petition was inadequate, the court did not abuse its discretion when it denied relief to appellant. *Cf. Pittsburgh v. Allegheny County Distributors*, 339 Pa.Super. 109, 488 A.2d 333 (1985) (petition to open confessed judgment was dismissed as inadequate because it contained conclusion of law unsupported by factual

allegations).[10]   We, therefore, find that appellant's second issue is without merit.   Finally, there are no equitable considerations in this case to persuade us otherwise.   This was not a "snap" judgment, *see Ridgid Sprinkler Service, supra,* 333 Pa.Super. at 222, 482 A.2d at 254, and appellees complied with all notice requirements.

Judgment affirmed.

**10.** Although our research has not disclosed any case where a petition to open a *default* judgment, as opposed to a *confessed* judgment, was dismissed because it did not allege adequate facts, we see no reason to treat a petition to open a default judgment differently.   The reasoning in the cases concerning petitions to open confessed judgments is equally applicable to cases, such as the one before us, that involve petitions to open default judgments.   *See, e.g., Lazzarotti v. Juliano,* 322 Pa.Super. 129, 469 A.2d 216 (1983) (conclusory averments unsupported by fact will not support the opening of a confessed judgment); *Liberty National Bank of Pittston v. DeGillio,* 406 Pa. 127, 129, 176 A.2d 446, 448 (1962) (cited with approval in *Carducci v. Albright Galleries, Inc.,* 244 Pa.Super. 48, 366 A.2d 577 (1976) (a petition to open a confessed judgment must set forth "clearly and specifically, sufficient facts to induce the chancellor to grant equitable relief," and "vague and indefinite" allegations will be deemed inadequate).   *See also* Pa.R.C.P. 2959 (a petition to open a confessed judgment must state *prima facie* grounds for relief).