544 A.2d 491

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Philip Matthew ALLEN, Appellee.**

Superior Court of Pennsylvania.

Argued March 9, 1988.

Filed June 30, 1988.

Mark C. Labrum, Philadelphia, for appellant.

Harold F. Kaufman, Philadelphia, for appellee.

Before ROWLEY, WIEAND and MONTEMURO, JJ.

MONTEMURO, Judge:

Appellant, State Farm Mutual Insurance Company, appeals from an order denying its petition to compel appellee, Philip Allen, to submit to a medical examination pursuant to the provisions of the Motor Vehicle Financial Responsibility Law.[1]

The pertinent facts leading up to this appeal are as follows. While insured by appellant, appellee was involved in an automobile accident in which he sustained various injuries, including an acute lumbo sacral strain and sprain and acute lumbo sacral radiculopathy. On September 23, 1986, appellant filed a petition seeking to compel appellee to submit to a medical examination pursuant to Section 1796 of the Vehicle Financial Responsibility Law. 75 Pa.C.S.A. § 1796. Appellee filed preliminary objections to this petition on October 1, 1986. However, the trial court was unaware that such preliminary objections had been filed. As a result, the petition was treated as an uncontested motion and the trial court granted the petition by order dated October 17, 1986. Because the trial court's order made no mention of the disposition of appellee's preliminary objections, appellee contacted the trial judge's administrative staff and inquired about the status of his preliminary objections. Upon investigation, the trial court recognized that it had inadvertently overlooked appellee's preliminary objections. The court then vacated its October 17, 1986 order and addressed on the merits the petition and answer thereto, which had been filed on October 30, 1986. Upon consideration of both the petition and answer the court denied appellant's petition for a medical examination. In denying the petition the court concluded that appellant had failed to demonstrate the requisite "good cause" for compelling such an examination. In addition, the court found

1. Act of February 12, 1984, P.L. 26, No. 11, *effective* October 1, 1984, 75 Pa.C.S.A. § 1701 *et seq.*

that appellant's petition was "replete with lies and falsehoods" and awarded appellee attorney's fees and costs incurred in presenting the petition. This timely appeal followed. We affirm in part and reverse in part.

An action to compel an insured to submit to an independent medical examination may be commenced under the Pennsylvania Motor Vehicle Financial Responsibility Law under the following circumstances:

> (a) **General rule.**—Whenever the mental or physical condition of a person is material to any claim for medical income loss or catastrophic loss benefits, a court of competent jurisdiction or the administrator of the Catastrophic Loss Trust Fund for catastrophic loss claims may order the person to submit to a mental or physical examination by a physician. *The order may only be made upon motion for good cause shown.* The order shall give the person to be examined adequate notice of the time and date of the examination and shall state the manner, conditions and scope of the examination and the physician by whom it is to be performed. If a person fails to comply with an order to be examined, the court or the administrator may order that the person be denied benefits until compliance.

75 Pa.C.S.A. § 1796 (emphasis supplied).

Appellant claims that the trial court erred in finding that it had failed to satisfy its burden of showing "good cause" for requiring appellee to submit to a medical examination. The standard for determining whether "good cause" exists for requiring an insured to submit to an independent medical examination under the Motor Vehicle Financial Responsibility Law was recently set forth by a panel of this court in *State Farm Mutual Automobile Insurance Company v. Zachary,* 370 Pa.Super. 386, 536 A.2d 800 (1987).[2] In *Zach-*

---

**2.** We note that until *Zachary* is overturned by either an *en banc* panel of this court or our supreme court, it represents the law of this Commonwealth. While Judge Wieand makes several pertinent points with respect to the "good cause" determination, traditional principles of *stare decisis* dictate that we follow precedent established by a prior panel of this court.

*ary,* we stated that in order to demonstrate "good cause", "it is mandatory that the averments contained within the petition to compel a medical examination must rise to a level of specificity so as to ensure that the claimant will not be forced to submit to unnecessary examinations sought in bad faith." *Id.,* 370 Pa.Superior Ct. at 389–90, 536 A.2d at 801. We also adopted the analysis employed by the Allegheny Court of Common Pleas in *Nationwide Insurance Co. v. Fandray,* 12 Pa.D. & C.3d 65, 128 P.L.J. 63 (1979), as the yardstick by which to measure whether a petition has set forth sufficient reasons to justify an independent medical examination:

> In *Nationwide Insurance Co. v. Fandray,* 12 [Pa.] D. & C.3d 65, 70, 128 P.L.J. 63 (1979), the Honorable R. Stanton Wettick of the Court of Common Pleas of Allegheny County commented on the requirements of "good cause shown":
>
> > [t]o establish 'good cause shown', an insurer's petition, at minimum, must contain facts showing that the proofs supplied in support of the claim are inadequate, that the proposed physical examination will substantially assist the insurer in evaluating the claim and that the amount of the claim justifies a court order compelling the claimant to submit to a physical examination.
>
> Later, in *Erie Insurance Exchange v. Dzandony [Dzadony],* [39] D. & C.3d. [33], 134 P.L.J. 166 (1986), Judge Wettick further opined that the petition must show that 'the information supplied by the insured in support of his or her claim does not eliminate reasonable doubt as to the validity of the claim.'

While *Zachary* sets forth the standard for determining whether "good cause" exists, we have also recognized that where the petition and answer demonstrate that factual disputes exist, the case should proceed pursuant to Pa.R. C.P. 209. *Keystone Insurance Company v. Caputo,* 365 Pa.Super. 431, 435–36, 529 A.2d 1134, 1136 (1987). Under Rule 209, where a party denies material allegations in the petition, the petitioner must either take depositions on dis-

puted factual issues or order the cause for argument on the petition and answer, thereby conceding the existence of all facts properly pleaded in the answer. In order to expedite the proceedings, the respondent may, after fifteen (15) days, obtain a rule to show cause why the petitioner should not take depositions or order the cause for argument on the petition and answer. *Id.; See also* Pa.R.C.P. 209. In *Caputo*, we further opined:

> We have stated elsewhere that Rule 209 places no time limits on either party to proceed, and until either party takes action that would enable the court to make a factual determination or until some other force spurs matters along, the court cannot properly act on the petition. We do not mean by this that the court must sit and wait for the parties to bestir themselves. The court itself may set the time for the argument, so long as the parties are given notice.

*Id.* (citations omitted).

In the instant case, appellee filed an answer which denied most of the conclusory allegations contained in the petition. Accompanying the answer, appellee attached copies of the medical reports which had been provided to appellant. Appellant's reply to the answer did not deny that these medical reports had been provided nor did appellant supply the trial court with an affidavit pointing to factual inconsistencies which would justify the taking of depositions or listing the case for argument pursuant to Rule 209. The conclusory allegations contained in appellant's petition merely demonstrate that appellant believed that these reports were insufficient to evaluate the nature of appellee's injuries, the cause of these injuries, and the course of future treatment that would be required. As a result, the trial court was presented with a purely legal question, that is whether the averments contained in the petition were sufficient to raise a reasonable doubt as to the validity of appellee's claim. *Accord, Cross v. 50th Ward Community Ambulance Company*, 365 Pa.Super. 74, 528 A.2d 1369 (1987) (conclusory allegations do not give rise to

disputed issues of fact and court did not err in failing to conduct proceedings pursuant to Rule 209 before denying petition to open default judgment). Although the trial court was without the benefit of our decision in *Zachary, supra,* we believe that it nevertheless correctly denied appellant's petition.[3] In *Zachary,* where the petition in question contained conclusory allegations much like the one at bar, we stated: "while the averments in the petition stated aspects of the medical information which State Farm felt it needed to be supplemented, they did not demonstrate in what manner those alleged deficiencies caused the insurer to harbor reasonable doubt as to the validity of the claim." *Zachary, supra,* 370 Pa.Super at 390, 536 A.2d at 803. We believe that this statement applies with equal force to the petition in the instant case. The trial court committed no error in denying appellant's petition to compel medical examination.

While we believe that the trial court properly denied appellant's petition for failure to establish "good cause" for an independent medical examination, we conclude that the court erred in awarding attorney's fees and

---

**3.** Appellant claims that the trial court erred in vacating its order of October 17, 1986, which initially granted the petition to compel a medical examination. We disagree. Where a court improvidently issues an order because of its own error or inadvertence, the court possesses inherent power to correct that error when equity so demands. *See Great American Credit Corporation v. Thomas Mini Markets, Inc.,* 230 Pa.Super. 210, 326 A.2d 517 (1974) (holding that where the court improvidently granted a motion for summary judgment because it had inadvertently mislaid a letter requesting an extension of time to answer the motion, the court had power to vacate, *sua sponte,* the prior order and enter another order dismissing the summary judgment motion). In the present case, the court overlooked the fact that appellee had filed preliminary objections to the petition on October 1, 1986. As a result, the court treated the petition as an uncontested motion and issued an order granting the petition on October 17, 1986. When the error was brought to the court's attention, the court vacated its previous order. Meanwhile, appellee had filed an answer to the petition on October 30, 1986. Evaluating the petition and answer thereto on the merits, the court concluded that appellant had failed to demonstrate "good cause" and denied the petition. We find that the court committed no error in vacating its prior order and entering a second order denying the petition upon discovery of its inadvertence.

costs in the absence of a hearing to determine whether appellant acted arbitrarily, vexatiously, or in bad faith. *See* 42 Pa.C.S.A. § 2503(7), (9). Generally, if the record supports a court's finding of fact that the conduct of one party was in bad faith, an award of counsel fees will not be disturbed in the absence of an abuse of discretion. *See Brenckle v. Arblaster,* 320 Pa.Super. 87, 466 A.2d 1075 (1983).

In the present case the record is unclear as to whether appellant brought the instant action vexatiously or in bad faith. The trial court awarded counsel fees and costs based on what it termed were "flagrant lies" contained in the petition and "deliberate omission of material facts." In the absence of a hearing to further develop the record on the question of appellant's bad faith, we cannot determine the propriety of the award of attorney's fees and costs. Accordingly, we reverse and remand for further proceedings consistent with this opinion on the limited question of the award of attorney's fees.

Affirmed in part. Reversed in part. Remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.

WIEAND, J., files a concurring and dissenting opinion.

WIEAND, Judge, concurring and dissenting:

Although I agree with my colleagues of the majority that the award of counsel fees and costs must be reversed, I would also hold that it was an abuse of discretion for the trial court to deny the insurer's petition to require the claimant to submit to a physical examination. With respect to this aspect of the case, I find that I am specifically in disagreement with the majority's approval of the unnecessarily stringent, three-element test for determining "good cause" which was adopted by a prior panel of this Court in *State Farm Mutual Automobile Ins. Co. v. Zachary,* 370 Pa.Super. 386, 536 A.2d 800 (1987).

The statutory provision authorizing a court to require a claimant to submit to a mental or physical examination by a physician appears at 75 Pa.C.S. § 1796 as follows:

**(a) General rule.**—Whenever the mental or physical condition of a person is material to any claim for medical, income loss or catastrophic loss benefits, a court of competent jurisdiction or the administrator of the Catastrophic Loss Trust Fund for catastrophic loss claims may order the person to submit to a mental or physical examination by a physician. *The order may only be made upon motion for good cause shown.* The order shall give the person to be examined adequate notice of the time and date of the examination and shall state the manner, conditions and scope of the examination and the physician by whom it is to be performed. If a person fails to comply with an order to be examined, the court or the administrator may order that the person be denied benefits until compliance. (Emphasis added.)

This statutory requirement is not merely a formality, but must be deemed a limitation on the right of an insurer to require a claimant to submit to a mental or physical examination by a physician of the insurer's choice. The requirement of good cause entails more than relevancy. This requirement, therefore, cannot be met by mere conclusory allegations that the examination will provide relevant information.

It should be obvious that what may be good cause will vary from case to case according to the nature of the alleged injury and the type of examination requested. The ability of the petitioning insurer to obtain the desired information by other means is also a relevant consideration. Of necessity, therefore, much must be left to the sound discretion of the trial judge, who is called upon to apply with discriminating judgment the good cause requirement. The phrase "good cause" depends upon the circumstances of each individual case, and a finding of its existence lies largely in the discretion of the court to which the decision is

committed.  *Wilson v. Morris,* 369 S.W.2d 402, 407 (Mo. 1963).

This does not mean that the petitioner must prove a defense on the merits in order to obtain a mental or physical examination of the claimant.  It also does not mean that an evidentiary hearing is necessary in all cases.  Although a hearing may be necessary in some cases, in others a showing of probable cause can be made by depositions or affidavits.  In still others, it can be determined solely from the petition and answer.  The requirement does mean, however, that the petitioning insurance company must produce sufficient information so that the trial court can fulfill the function imposed upon it by statute.

These observations are not novel.  They are the same observations made by the Supreme Court of the United States when it was called upon in *Schlagenhauf v. Holder,* 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), to interpret Federal Rule of Civil Procedure No. 35.  The Supreme Court's reasoning is equally applicable to an interpretation of the statutory good cause requirement now before this Court for interpretation.

The majority approves the minimum requirements adopted in *State Farm Mutual Automobile Ins. Co. v. Zachary, supra,* as follows:  (1) that the proofs submitted in support of the claim are inadequate, i.e., that the information supplied by the claimant in support of his or her claim does not eliminate reasonable doubt as to the validity of the claim;  (2) that the proposed examination will substantially assist the insurer in evaluating the claim;  and (3) that the amount of the claim justifies a court order compelling the claimant to submit to a physical examination.

I am unable to accept this test.  I find particularly objectionable the suggestion that a claim must be of a sufficient amount—the precise amount has not been suggested—to justify an examination.  This is based upon the misguided belief that an insurer should accept and not resist a false claim so long as it does not involve a substantial amount.  Moreover, a requirement that the claim must

be of a "sufficient amount" is a virtual guarantee of additional litigation intended to define a claim of "sufficient amount." I would find this requirement wholly unacceptable.

I would also reject the majority's suggestion that a claimant should not be required to submit to an examination if his proof of injury is adequate. The issue should not be the strength of the claimant's proofs but whether there is an actual controversy. If there is a bona fide controversy about the nature and/or extent of the claimant's injuries and a physical examination will substantially assist the insurer in evaluating the claim, an examination should be allowed. In such cases, the requirement of good cause has been met.

I would hold that the requirement of good cause contains only two components. These include (1) a bona fide controversy regarding the nature of the claimant's injuries; and (2) a showing that the requested mental or physical examination will substantially aid the petitioning insurer in its evaluation of the claim. These requirements are adequate to protect the claimant against harassment by the insurer. They will also preserve for the insurer the right to make an independent evaluation of a questionable claim.

In the instant case, I would hold that the petition and answer, with the medical reports and bills attached thereto, are sufficient to establish good cause for requiring the claimant to submit to a physical examination. The claimant has applied to the insurer for continuing reimbursement for physical therapy, muscle relaxants, and other treatment allegedly needed to alleviate a soft-tissue injury of the back which has been diagnosed as "lumbosacral strain and sprain." The physician's report, however, contains a suggestion that the claimant's disability ended approximately nine months prior to the filing of the insurer's petition for examination. In the meantime, claims for treatment have continued. It is the claimant who has asserted a claim for continuing disability, and he has thereby placed his physical condition in controversy. The nature of the claim and the

uncertainty regarding the need for continued treatment, moreover, establish good cause for an examination which will aid the insurer in determining the existence and extent of the injury for which the claimant requests reimbursement.

I would reverse and remand with directions to the trial court to allow the requested physical examination. I would also reverse the order awarding counsel fees and costs.