## Darcy v. Bekins Van Lines Company

346

*William G. Baughman,* for plaintiffs.
*Douglas R. Widin* and *John W. Thompson Jr.,* for defendant.

HORN, *J.,* August 8, 1988—This matter is before the court on defendant's petition to amend the docket and strike plaintiffs' default judgment or, in the alternative, to open the default judgment.

The procedural history of this case is determinative of the outcome of this petition. The complaint was filed on November 17, 1987. Counsel for defendant received the complaint on December 9, 1987. By stipulation of counsel, defendant's answer was due by Monday, January 11, 1988. For whatever reason, the answer was not mailed until January 11, 1988. It was sent by an overnight courier and reached the courthouse by 9:20 a.m. on January 12, 1988. The courthouse receptionist signed the courier's delivery record at that time. The courier, following what she and the receptionist believed to be the proper procedure, then took the package to the prothonotary's office laying it on the counter sometime before 9:22 a.m., the time of her next delivery. The package was then retrieved at a time uncertain by an employee of the prothonotary who opened it to ascertain which deputy prothonotary was to receive it. She placed it on the proper deputy's desk. That deputy then time-stamped the answer at 1:03 p.m., January 12, 1988.

As it happens, counsel for plaintiffs personally filed a default judgment against defendant at 10:03

a.m., January 12, 1988, some three hours prior to the time-stamping on the answer.

Defendant seeks to strike the default judment and amend the docket on the grounds that the answer was filed prior to the time at which the default judgment was taken, therefore no default had occurred.

The issue before the court is at what point in time was the answer filed. The Pennsylvania Supreme Court has stated that filing is "delivery into the official's possession . . ." *Walsh v. Tucker,* 454 Pa. 175, 312 A.2d 11 (1973). Simply mailing the document does not constitute filing. See *Walsh, supra; Dick v. Fantasyland Inc.,* 15 D.&C. 3d 544 (1980); and *Halliday v. Chester County Mutual Insurance Company,* 114 Montg. L. Rep. 385 (1984). "[R]eceipt by the prothonotary . . . is the critical event . . ." See *Halliday, supra,* at 388.

If we find that when the courier deposited the package on the counter the document was received, then the document would be considered to have been filed before 9:22 a.m.

If we find receipt when the prothonotary's employee retrieved the package from the counter, the document would be filed at some unknown time after 9:22 a.m., but prior to 1:03 p.m. for that employee is uncertain as to what time she retrieved the package. If we find receipt when the answer was time-stamped, then receipt occurred at 1:03 p.m. In the latter two instances we would be obliged to find for plaintiffs on the issue of striking the judgment.

Obviously, time-stamping is evidence of receipt; however, it is not necessarily the "critical event" if receipt can be shown to have occurred prior thereto.

In this case there is evidence that the document

was received prior to the time-stamping so we find that the answer was filed prior to 1:03 p.m.

Pa.R.C.P. 205.1 allows for the filing by mail of certain documents, including answers, to remove the burden of personal filing on out-of-county attorneys. This rule received almost unanimous approval. See explanatory note (1976) to rule 205.1.

To give effect to this rule, the court must find that once the document is received in the office of the prothonotary, it is deemed to have been filed. We are aided in this constuction by the case of *Dick v. Fantasyland, supra.* In that case, plaintiff mailed a complaint prior to the last day for filing, but it was not time-stamped until 9:41 a.m. the following day. The court stated: "The court has examined the time-stamp. If it had shown filing at or near 8:00 a.m., which is the opening time for the courthouse, *we could assume the pleading had been received the previous day.* Since the complaint was filed at 9:41 a.m. no such assumption can be made." *Dick, supra* at 547. (emphasis supplied)

In the case before us, we find the time at which the document entered the prothonotary's office was definitely before 9:22 a.m. The court finds that it was, therefore, filed at 9:22 a.m. or before. As it was filed before the default judgment was taken, no default occurred. See *Vision Service Plan of Pennsylvania v. Pa. AFSCME Health and Welfare Fund,* 326 Pa. Super. 474, 478, 474 A.2d 339, 341 (1984).

The practice of having out-of-county deliveries placed on the counter to be time-stamped and docketed at some later time obviously has caused and may in the future cause difficulties. It is a practice which should not be continued. In order to effectuate the intent of rule 205.1, documents mailed or delivered should be signed for by the prothonotary's office before the courier or mail room

clerk transfers those items so that time of receipt, ergo the time of filing, cannot be questioned.

While the decision reached above effectively ends the present controversy, the court is compelled to note that, regardless of that decision, defendant's motion to open the default judgment would have been granted.

The three-pronged test to determine the propriety of opening of a default judgment is whether defendant has: (1) promptly filed the petition to open; (2) satisfactorily explained the default; and (3) shown a meritorious defense to the cause of action. See *Vision Service Plan of Pennsylvania v. Pa. AFSCME Health and Welfare Fund*, 331 Pa. Super. 217, 219 480 A.2d 322, 323 (1984).

Defendant filed this petition promptly after discovering the entry of a default judgment.

The default occurred due to counsel's inability to contact the trustee in bankruptcy for the storage company which defendant contends is responsible for the damages. Regardless of the amount of information which counsel elicited from the trustee, it was obviously his duty to attempt to ascertain whatever information could be gleaned from that source. As counsel filed the answer the day after he contacted the trustee, the default which occurred is satisfactorily explained. However, the court does not nor can it condone the failure of counsel to contact plaintiffs' counsel to say that the answer would be filed a day late.

The proposed defense of Bekins Van Lines Company is that the company which stored plaintiffs' goods is responsible for any and all damages which may be occurred to their property. Obviously, this defense is a proper pleading and it is apparent that to date the defense counsel has not acted in a dilatory manner.

350

Defendant has met the requirements for the court to grant their petition to open the default judgment.

Accordingly, we shall enter the following

## ORDER

And now, August 8, 1988, defendant's petition to open and to strike the default judgment is granted; the docket in this case shall be amended to indicate that the answer was filed at 9:22 a.m.

Plaintiffs shall respond to the new matter within 30 days from the date of this order.