## Fleming v. CNA Insurance Co.

*Bernard V. DiDiacomo,* for plaintiffs.
*John J. Donnelly,* for defendant.

OTT, *J.,* March 28, 1991—Plaintiffs Richard S. Fleming and Rita Fleming appeal from this court's order directing them to submit to independent medical examinations by a physician of defendant's choosing.

### FACTS

Richard and Rita Fleming were injured in an automobile accident on March 1, 1989. At the time of the accident they were insured under a policy

issued by CNA Insurance Companies through Continental Casualty Insurance Company.

Following the accident the Flemings experienced neck and back pain for which they received physical therapy and treatment by Dr. William Tsoubanos, a chiropractor, and Dr. James Nicholson, an osteopathic physician. Through February 12, 1990, CNA reimbursed Richard Fleming $6,475 for medical bills and $2,000 for lost wages and Rita Fleming $6,965.04 for medical bills and $1,812.30 for lost wages. On February 12, 1990, a representative of CNA wrote to plaintiffs' attorney and advised that no further benefits would be paid, citing the Flemings' refusal to submit to physical exams and CNA's assessment that each had been overtreated. Plaintiffs filed a complaint on March 6, 1990, to compel CNA to continue paying benefits.

On August 13, 1990 CNA filed a motion to compel medical examination of plaintiffs pursuant to Pa.R.C.P. 4010. Plaintiffs filed a timely response and following oral argument we issued an order on October 2, 1990 denying the motion because it failed to establish good cause to compel the examinations. The order was issued without prejudice to CNA's right to file a subsequent motion.

On November 19, 1990, CNA filed a second motion to compel medical examination of plaintiffs pursuant to Pa.R.C.P. 4010, and section 1796 of Pennsylvania's Motor Vehicle Financial Responsibility Law.[1] Plaintiffs again filed a timely response. Discovery was neither requested nor pursued by any party. Following oral argument we issued an order dated February 12, 1991 granting the motion and directing each of the Flemings to submit to an

---

1. Act of February 12, 1984, P.L. 26, No. 11, §3, 75 Pa.C.S. §1796.

independent medical examination within 30 days. They have appealed this order to the Superior Court.

## ISSUES

Appellants' concise statement of matters complained of filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) raises three issues: (1) Did CNA show good cause for the requested examinations? (2) Was this court's record sufficient to justify the order? (3) Should this court have considered the medical reports of Earl C. Marmar, M.D. attached to the motion to compel examinations, to the extent they critiqued the treatment rendered by a chiropractor?

## DISCUSSION

### *The Good Cause Standard*

The Financial Responsibility Law authorizes a court to require a claimant to submit to a mental or physical examination by a physician upon a showing of good cause whenever the mental or physical condition is material to the claim.[2]

The subject of what constitutes good cause under this section has been addressed several times by Superior Court. The averments within a petition or

---

2. 75 Pa.C.S. §1796(a) provides in pertinent part:

"(a) *General rule*—Whenever the mental or physical condition of a person is material to any claim for medical, income loss or catastrophic loss benefits, a court of competent jurisdiction or the administrator of the Catastrophic Loss Trust Fund for catastrophic loss claims may order the person to submit to a mental or physical examination by a physician. The order may only be made upon motion for good cause shown. . ."

motion to compel a medical examination must rise to a level of specificity that ensures a claimant will not be forced to submit to an unnecessary examination sought in bad faith. Thus, the petition must illustrate a need, rather than a mere desire, for an independent medical examination. *State Farm Insurance Companies v. Hunt,* 390 Pa. Super. 620, 569 A.2d 365 (1990); *State Farm Mutual Automobile Insurance Company v. Allen,* 375 Pa. Super. 319, 544 A.2d 491 (1988); *State Farm Mutual Automobile Insurance Company v. Zachary,* 370 Pa. Super. 386, 536 A.2d 810 (1987).

Nevertheless, each of the foregoing decisions was the product of a different three-judge panel. These panels have not agreed on the elements a petitioner must establish to prove good cause. In *Zachary* and *Allen, supra,* the Superior Court adopted the analyses of the Honorable R. Stanton Wettick of the Court of Common Pleas of Allegheny County as espoused in *Nationwide Mutual Insurance Company v. Fandray,* 12 D.&C. 3d 65 (1979), and *Erie Insurance Exchange v. Dzadony,* 39 D.&C. 3d 33 (1986). Judge Wettick employed a three-prong test. An insurer's petition must contain facts demonstrating: (1) that the proofs supplied in support of the claim are inadequate; (2) that the proposed physical examination will substantially assist the insurer in evaluating the claim; and (3) the amount of the claim justifies a court order compelling the claimant to submit to an examination. Judge Wettick also determined that an insurance company must demonstrate that the information supplied by the insured in support of a claim does not eliminate reasonable doubt as to its validity.

In *Hunt, supra,* at 623, 569 A.2d at 367, Superior Court opined that before ordering a party to submit to an examination, a trial court should require a

showing that a bona fide controversy exists regarding the nature of the claimant's injuries, and it must further be shown that the requested examination will substantially aid the insurer in evaluating the claim. To this end, it was suggested that whether the same information can be obtained by other means is also a proper consideration.

We believe that under either set of criteria, CNA has established good cause to request the examinations of the Flemings. CNA has reimbursed the Flemings for more than $13,400 in medical bills generated over a period of almost one year for the treatment of soft tissue injuries. A medical doctor who reviewed the medical reports submitted in support of plaintiffs' claims, has opined that the injuries attributed to plaintiffs by their physicians should have resolved in four to six months post-accident and that no further treatment is warranted. By this analysis, the Flemings have already been treated for twice the customary length of time. Moreover, CNA has alleged that the Flemings suffered similar soft tissue injuries in the past which add to the doubt surrounding the bona fide nature of the continuing claims.

Under Judge Wettick's approach, the adequacy of the plaintiffs' proofs are challenged by the reports of Dr. Marmar. That being the case, an actual physical examination should assist the insurer in evaluating the claims. Certainly the amount in question is significant and justifies the order. Stated differently, a reasonable doubt exists as to the need for additional treatment. Likewise, the foregoing shows that a bona fide controversy exists as to the nature of plaintiffs' injuries and an objective medical examination should substantially aid the insurer in resolving the conflict. Good cause has been established.

## Adequacy of the Court Record

Plaintiffs challenge the adequacy of the record and point to the fact that CNA failed to pursue discovery pursuant to Pennsylvania Rule of Civil Procedure 209 and further, that no record hearing was held. We acknowledge that where the petition and answer demonstrate that factual disputes exist, the petitioner has the burden of pursuing discovery pursuant to Pa.R.C.P. 209. *Keystone Insurance Company v. Caputo,* 365 Pa. Super. 431, 529 A.2d 1134 (1987). Plaintiffs believe that their blanket denials of virtually all of the allegations set forth in CNA's petition place the facts alleged at issue. They are wrong. For instance, plaintiffs denied the allegations contained in paragraphs 8 and 9 as to the amount of medical bills paid by CNA, on the basis that they had no knowledge as to the truth of the allegation. Nevertheless, such an answer, though permitted by Pa.R.C.P. 1029(c), does not excuse a failure to admit or deny a factual allegation when knowledge of the fact is available to the party. *Cercone v. Cercone,* 254 Pa. Super. 381, 386 A.2d 1 (1978). Likewise, in response to paragraphs 16 and 17 which allege that each of the plaintiffs suffered similar soft tissue injuries in 1986, the Flemings denied the allegations as irrelevant and further averred that the injuries were not the same. These answers simply dodge the allegations; they do not properly deny them.

More important than the foregoing, however, is that this motion and the plaintiffs' answer thereto do not exist in a vacuum. The proceedings have been contentious and contested ever since the filing of the complaint and have proceeded through preliminary objections, a motion to strike preliminary objections, a motion to strike certain pleadings and two motions to compel physical examinations. The ear-

.lier pleadings and the arguments held with respect to each provide additional background information as to the contested nature of this claim. The record is more than adequate in this case.

## Dr. Marmar's Reports

In paragraph 5 of CNA's motion, they reference Dr. Marmar's reports and attach them as exhibit B. The Flemings responded by claiming that they had no knowledge as to the validity of the reports and then opined that Dr. Marmar, as an M.D., is unqualified to pass judgment upon the treatment of a chiropractor. We believe it is safe to conclude without citation that a medical doctor is qualified to pass upon the treatment plan of a chiropractor. The appeal should be dismissed.