529 A.2d 1134

**KEYSTONE INSURANCE COMPANY**

v.

**Joseph CAPUTO and Mary Caputo, His Wife, Appellants.**

Superior Court of Pennsylvania.

Argued April 29, 1987.

Filed Aug. 19, 1987.

432

Peter Goodman, Philadelphia, for appellants.

Dennis Veneziale, Philadelphia, for appellee.

Before OLSZEWSKI, DEL SOLE and BECK, JJ.

DEL SOLE, Judge:

Joseph and Mary Caputo were involved in an automobile accident in October, 1985. The Caputos sustained personal injuries in the accident and made claims for benefits from their insurer, Keystone Insurance Company, pursuant to the Motor Vehicle Financial Responsibility Act, 75 Pa.C.S.A. § 1701 *et seq.* On June 26, 1986, Keystone filed a Petition for Medical Examination pursuant to § 1796 of the Act; the Caputos filed a timely answer to Keystone's petition on July 31, 1986. The trial judge granted Keystone's petition on October 27, 1986, and ordered Joseph and Mary Caputo to

submit to a medical examination by a doctor of Keystone's choice. This appeal followed.

■ Before we address the issue raised in this appeal, we must determine whether the order appealed from is a final appealable order.

The statute upon which the trial court order is based provides as follows:

Mental or physical examination of person

(a) General rule.—Whenever the mental or physical condition of a person is material to any claim for medical, income loss or catastrophic loss benefits, a court of competent jurisdiction or the administrator of the Catastrophic Loss Trust Fund for catastrophic loss claims may order the person to submit to a mental or physical examination by a physician. The order may only be made upon motion for good cause shown. The order shall give the person to be examined adequate notice of the time and date of the examination and shall state the manner, conditions and scope of the examination and the physician by whom it is to be performed. If a person fails to comply with an order to be examined, the court or the administrator may order that the person be denied benefits until compliance.

75 Pa.C.S.A. § 1796.

A similar section appeared in the No-Fault Motor Vehicle Insurance Act,[1] now repealed, which was the predecessor to the Motor Vehicle Financial Responsibility Act. We discussed the appealability of an order directing a person to submit to a medical examination under the analogous sec-

---

1. The provisions of 40 P.S. § 1009.401 are as follows:

"Whenever the mental or physical condition of a person is material to any claim that has been or may be made for past or future basic loss benefits, a court of competent jurisdiction may order the person to submit to mental or physical examination by a physician or physicians. The order may be made only on the motion for good cause shown and upon notice to the person to be examined and to all other persons having an interest and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

Repealed effective October 1, 1984.

tion of the No-Fault Act in *State Farm v. Morris*, 289 Pa.Super. 137, 432 A.2d 1089 (1981) and found that it was an appealable order. The rationale in the *Morris* case was as follows:

In the instant case, the insurer's petition for examination of its insured was not ancillary to any pending legal or equitable action. It was a separate petition which invoked the jurisdiction of the court under Section 401 of the No-fault Insurance Act for no other reason than to consider and decide if the insured should be required to submit to a physical examination. After the court rendered its decision, the court action came to an end. Whether there will be litigation between the parties in the future is purely speculative. If there should be further litigation, however, it would be in the form of a separate action. Viewed in this manner it becomes apparent that when the order was entered in response to the separate, non-ancillary petition under Section 401, that order was a final determination of the statutorily authorized legal proceeding then before the court. The present appeal, therefore, was proper.

*Morris*, 289 Pa.Super. 141, 432 A.2d at 1091.

This analysis applies equally to the order in the instant case. The Court of Common Pleas of Bucks County exercised its jurisdiction pursuant to § 1796 of the new Act for no other reason that to consider Keystone's petition. There was no other issue before this court. If there is to be further litigation between the parties it will be in the form of a separate action. We find therefore that an order granting or denying a petition to compel a medical examination pursuant to 75 Pa.C.S.A. § 1796 is a final appealable order.

█ This brings us to the issue raised by the Caputos in the instant appeal: whether the trial court erred in granting Keystone's petition to compel medical examinations. The Appellants claim that Keystone failed to show good cause

for the examinations, as required by the statute. We agree and accordingly reverse and remand.

Keystone's petition alleges that the Appellant Mary Caputo has incurred "substantial" medical expenses and that an independent medical examination is necessary to assess future exposure and to determine why the injuries are not resolving themselves. As to Joseph Caputo, Keystone seeks to determine the causal connection between Caputo's shoulder surgery and the auto accident, as well as to determine what his future medical needs might be.

The trial judge issued a rule to show cause why the petition should not be granted and the Appellants filed a timely answer, which denied certain of the allegations made in Keystone's petition. Factual disputes exist between the parties. No further development of the record was made however. No depositions were taken, no hearing was held. The Appellants claim in their brief that Keystone has never sought copies of their treating doctors' medical reports.

We find that under these circumstances the trial court decision was premature. When factual disputes exist, Pennsylvania Rule of Civil Procedure 209 is called into play.[2] We commented on the operation of this rule in *Lazzarotti v. Juliano,* 322 Pa.Super. 129, 133, 469 A.2d 216, 218 (1983) (citations omitted) as follows:

2. Rule 209. Duty of a Petitioner to Proceed After Answer Filed. If, after the filing and service of the answer, the moving party does not within fifteen days:
    (a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or
    (b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

It is well established that when a respondent effectively denies material allegations in a petition to open, the petitioner must support his position with clear and convincing proof ... Pa.R.C.P. 209 provides the procedure for establishing such proof. Pursuant to Rule 209, the petitioner must either take depositions on disputed factual issues or order the cause for argument on the petition and answer, thereby conceding the existence of all facts properly pleaded in the answer. Or, the respondent may, after fifteen days, in order to expedite the proceedings, obtain a rule to show cause why the petitioner should not take depositions or order the cause for argument on the petition and answer.

Here neither of the parties proceeded to have depositions taken or to have argument listed as provided by Rule 209. We have stated elsewhere that Rule 209 places no time limits on either party to proceed, and until either party takes action that would enable the court to make a factual determination or until some other force spurs matters along, the court cannot properly act on the petition. *Triffin v. Thomas*, 316 Pa.Super. 273, 279–80, 462 A.2d 1346, 1349–50 (1983). See also *DiNardo v. Central Penn Air Service Inc.*, 358 Pa.Super. 75, 516 A.2d 1187 (1986); *Shainline v. Alberti Builders*, 266 Pa.Super. 129, 403 A.2d 577 (1979). We do not mean by this, as we have stated before, that a motions court must sit and wait for the parties to bestir themselves. The court itself may set the time for the argument, so long as the parties are given notice. *Maurice Goldstein Co., Inc. v. Margolin*, 248 Pa.Super. 162, 167, 374 A.2d 1369, 1371–72 (1977).

■ We hold that mere allegations contained in a petition, unsupported by a developed record, is insufficient cause to order a medical examination pursuant to 75 Pa.C.S.A. § 1796. Because the trial judge acted prematurely in this case, we reverse and remand for further proceedings. We relinquish our jurisdiction.