536 A.2d 800

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Theodore ZACHARY, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1987.

Filed Dec. 9, 1987.

Reargument Denied Feb. 5, 1988.

Lee H. Rosenau, Philadelphia, for appellant.

George Gerasimowicz, Jr., Spring City, for appellee.

Before McEWEN, OLSZEWSKI and DEL SOLE, JJ.

DEL SOLE, Judge:

This is an appeal from the Order denying Appellant–State Farm Mutual Automobile Insurance Company's [1] Petition to Compel Medical Examination pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Act. *See* 75 Pa.C. S.A. § 1796. The record shows that Appellee–Theodore Zachary [2] sustained injuries in an automobile accident on November 15, 1985. At the time of the accident, Zachary was insured by State Farm and thereafter made claims for benefits from his insurer.

Subsequent to ten months of treatment for soft tissue injuries, State Farm filed its Petition for Medical Examination. Pursuant to Pa.R.C.P. 1028, Zachary filed preliminary objections challenging the trial court's jurisdiction to entertain State Farm's petition. By its January 27, 1987 Order, the trial court denied the preliminary objections. In addition, the underlying petition was denied without prejudice.[3] This timely appeal by State Farm follows.

On appeal, Appellant raises the following issues:

1. Whether "good cause" under the Pennsylvania Financial Responsibility Act was shown when the claimant indicated that the amount of his bills were undetermined, he continued to treat for over ten months, and requests to supply the petitioner with all medical bills and reports were ignored; and,

2. Whether the trial court abused its discretion in overturning all prior guidelines for the determination of

---

1. Hereinafter referred to as "State Farm".

2. Hereinafter referred to as "Zachary".

3. The trial court stated in its opinion that, due to the deficient nature of State Farm's petition, it was unnecessary to grant Zachary additional time in which to file an answer.

"good cause" by unilaterally requiring a doctor to review all medical records before an examination would issue.

■ Preliminarily, we observe that an order granting or denying a petition to compel a medical examination under 75 Pa.C.S.A. § 1796 is a final appealable order. *Keystone Insurance Co. v. Caputo*, 365 Pa.Super. 431, 529 A.2d 1134, 1135 (1987). Therefore, this appeal is properly before us.

The statute on which State Farm's petition was based contained the following provisions:

(a) General rule.—Whenever the mental or physical condition of a person is material to any claim for medical, income loss or catastrophic loss benefits, a court of competent jurisdiction or the administrator of the Catastrophic Loss Trust Fund for catastrophic loss claims may order the person to submit to a mental or physical examination by a physician. *The order may only be made upon motion for good cause shown.* The order shall give the person to be examined adequate notice of the time and date of the examination and shall state the manner, conditions and scope of the examination and the physician by whom it is to be performed. If a person fails to comply with an order to be examined, the court or the administrator may order that the person be denied benefits until compliance.

75 Pa.C.S.A. § 1796 (emphasis supplied).

By its opinion, the trial court stated that State Farm's petition was denied inasmuch as it did not contain a showing of "good cause" justifying an independent medical examination. State Farm's petition was found to be "long on averments ... but woefully short on demonstration." (Trial Court Opinion, 11). On appeal, State Farm disagrees and contends that sufficient "good cause" was demonstrated by its petition.

■ Although this Court has never articulated explicit guidelines on what constitutes a demonstration of "good cause," it is mandatory that the averments contained within a petition to compel a medical examination must rise to a

level of specificity so as ensure that a claimant will not be forced to submit to unnecessary examinations sought in bad faith. Accordingly, such petitions must illustrate a need, rather than a mere desire, for an independent medical examination. In *Nationwide Mutual Insurance Co. v. Fandray*, 12 D. & C.3d 65, 70, 128 P.L.J. 63 (1979), the Honorable R. Stanton Wettick of the Court of Common Pleas of Allegheny County commented on the requirements of "good cause shown":

> [t]o establish 'good cause shown', an insurer's petition, at the minimum, must contain facts showing that the proofs supplied in support of the claim are inadequate, that the proposed physical examination will substantially assist the insurer in evaluating the claim and that the amount of the claim justifies a court order compelling the claimant to submit to a physical examination.

Later, in *Erie Insurance Exchange v. Dzandony*, —— Pa.D. & C.3d ——, 134 P.L.J. 166 (1986), Judge Wettick further opined that the petitioner must show that "the information supplied by the insured in support of his or her claim does not eliminate reasonable doubt as to the validity of the claim." Since we agree with these observations, we will examine the petition itself to determine whether or not its allegations met the "good cause shown" requirement.

State Farm's petition is quite lengthy. However, it is essentially comprised of two general accusations repeated throughout the document: Zachary had submitted neither the medical bills incurred nor a medical report containing a specific opinion as to the causation of the claimant's maladies. For these two reasons, State Farm posited that the independent medical examination would have been of great value in evaluating the necessity and reasonableness of Zachary's disability, treatment, and length of illness.

Upon review of State Farm's petition, we agree with the trial court's conclusion that the petition lacked a showing of "good cause." Although State Farm challenged Zachary's medical proofs, the allegations in the petition were generic in nature and did not adequately explain the reasons for the

insurer's dissatisfaction ,with the information provided. State Farm initially stated that it had received a medical report prepared by Dr. James A. Anthony, Jr. which described Zachary's condition as an "aggravation of an underying (sic) mild degenerative condition of the left tip joint as well [as a] chronic strain/contusion of the paravertebral muscular structure area of the lumbosacral and cervical spine region." (Petition, Exhibit "B"). The only specific averment made with respect to the medical report was that it lacked an explicit opinion as to causation and the possibility of serious and permanent injuries.

We recognize State Farm's need for sufficient information concerning Zachary's physical condition and his medical prognosis. However, we do not agree that State Farm has demonstrated that an independent medical examination is appropriate at this juncture. Absent from the record is any indication that State Farm requested additional medical information before it attempted to have Zachary submit to an independent medical examination.

The exhibits attached to the petition reflect the following history: On August 4, 1986, a letter from Zachary's legal counsel was sent to State Farm notifying it that they were in receipt of the insurer's request for an independent medical examination. The correspondence advised State Farm that it had not supplied Zachary with the necessary "unusual circumstances which make medical treatment received or need for treatment to be questionable." Therefore, the insured would not submit to the examination. (Petition, Exhibit "G"). Instead of making an attempt to clarify its position on what further information was needed to evaluate Zachary's claim, State Farm wrote to Dr. Daniel Gross on August 14, 1986 requesting that a medical examination of Zachary be scheduled. (Petition, Exhibit "H"). Subsequently, Zachary's counsel sent a letter to State Farm's attorney stating that Zachary would not submit to the scheduled examination insofar as the claimant still had not been apprised of the good cause in support of State Farm's

request. (Petition, Exhibit "K"). Thereafter, State Farm filed its petition.

■ Notably absent from the record is any indication that State Farm had requested Zachary to supplement his medical proofs *before* it attempted to schedule the independent medical examination. The correspondence from Zachary's counsel explicitly invited State Farm to outline the specific areas of the insured's claim which were troublesome. Rather than pursue a course of cooperation to resolve its concerns, State Farm instead petitioned for the independent medical examination. By its petition, State Farm for the first time intimated that the medical report it received did not contain a specific opinion with reference to causation and Zachary's prognosis. We are of the opinion that an independent medical examination would have been improperly granted under these circumstances. State Farm did not possess the desired medical information simply because the insurer never requested it, not because State Farm had been denied access to it by Zachary. In addition, while the averments in the petition stated the aspects of the medical information which State Farm felt needed to be supplemented, they did not demonstrate in what manner those alleged deficiencies caused the insurer to harbor reasonable doubt as to the validity of the claim.

Finally, with respect to State Farm's claim that Zachary had not supplied the insurer with medical bills and related items, we fail to see in what way an independent medical examination could have rectified that situation, if it indeed existed.[4]

State Farm's next allegation is that the trial court erred by establishing an unreasonable "good cause" standard contrary to prior case law and current legislation. State Farm first argues that the trial court procedurally erred by

4. By his brief, Zachary states that at the time State Farm filed its petition, there were no outstanding claims; State Farm had paid all that were submitted by Zachary. However, we are aware that this is the first time this information is provided to the Court. It has not been made part of the record. Thus, it shall have no bearing on our consideration of the case.

denying its petition without first allowing Zachary to file an answer. We disagree. The trial court stated in its Order that Zachary did not need to file an answer insofar as the petition severely lacked a showing of "good cause". However, by virtue of the fact that the Order denied the petition *without prejudice,* we do not see in what manner State Farm was harmed by the trial court's decision to deny the petition without first considering Zachary's answer.

■ Second, State Farm alleges that discovery should have been taken, or a hearing scheduled, so that it would have had the opportunity to demonstrate good cause for its petition. In *Keystone Insurance Co. v. Caputo, supra,* we found that under circumstances in which factual disputes existed between the parties, the trial judge should not have granted the appellee's petition for an independent medical examination without first permitting the parties to have depositions taken or to have argument listed as provided by Pa.R.C.P. 209. *Id.* 529 A.2d at 1136. However, the facts present in *Caputo* are distinguishable from those in the case at bar. Instantly, the petition contained allegations that were so general and conclusory that it could not raise factual disputes between the parties. Thus, the provisions of Rule 209 could not have been utilized.

Third, State Farm maintains that the trial court adopted an overly stringent standard in determining whether or not "good cause" has been shown. In its opinion, the trial court noted the analysis used by Judge Wettick in *Erie Insurance Exchange v. Dzandony, supra.* In that case, Judge Wettick wrote that, in addition to showing that the information supplied by the insured did not eliminate reasonable doubt as to the validity of the claim, the insurer must:

> unless it is clear that the information of the treating physician is insufficient to support the claim for payment of medical and other rehabilitative treatment which the insured received, ... submit an affidavit from the physician whom the insurance company wishes to perform the examination stating that he or she has reviewed the

information submitted in support of the claim and explaining why this information is insufficient and why the examination is necessary.

*Id.* at 134 P.L.J. at 166. Contrary to State Farm's interpretation of the trial court's opinion, there is no indication that the trial judge adopted this approach in reaching the decision to deny the petition. Moreover, the trial court's decision turned on the fact that its petition inadequately articulated in what ways Zachary's medical proofs were deficient and why a physical examination would substantially assist State Farm in evaluating the claim. (Trial Court Opinion, 11). Thus, we need not consider at this time whether or not the *Dzandony* guidelines are appropriate.

Order affirmed. Jurisdiction relinquished.