569 A.2d 365

**STATE FARM INSURANCE COMPANIES, Appellee,**

v.

**Donna HUNT, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 12, 1989.

Decided Feb. 2, 1990.

Stanton J. Goldman, Pittsburgh, for appellant.

Stephen P. McCloskey, Washington, for appellee.

Before WIEAND, TAMILIA and HESTER, JJ.

WIEAND, Judge:

The order which is now before this Court for review directed Donna Hunt, the appellant, to submit to a physical examination pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Act.[1]

The statute, at 75 Pa.C.S. § 1796, authorizes a court to require a claimant to submit to a mental or physical examination by a physician upon a showing of good cause whenever the mental or physical condition of the claimant is relevant to the claim.[2] The requirement of good cause

---

1. This is an appealable order. See: *Keystone Insurance Co. v. Caputo,* 365 Pa.Super. 431, 529 A.2d 1134 (1987).

2. Specifically, the statute provides as follows:

(a) General rule.—Whenever the mental or physical condition of a person is material to any claim for medical, income loss or catastrophic loss benefits, a court of competent jurisdiction or the administrator of the Catastrophic Loss Trust Fund for catastrophic loss claims may order the person to submit to a mental or physical examination by a physician. The order may only be made upon motion for good cause shown. The order shall give the person to be examined adequate notice of the time and date of the examination and shall state the manner, conditions and scope of the examination and the physician by whom it is to be performed. If a person fails to comply with an order to be examined, the court or the adminis-

entails more than relevancy. It means that the reasons alleged in a petition must rise to a level of specificity which will insure that a claimant will not be forced to submit to unnecessary examinations in bad faith. *State Farm Mutual Auto Insurance Co. v. Allen,* 375 Pa.Super. 319, 323, 544 A.2d 491, 492 (1988), quoting *State Farm Mutual Auto Insurance Co. v. Zachary,* 370 Pa.Super. 386, 389–390, 536 A.2d 800, 801 (1987). "[The] petition must illustrate a need, rather than a mere desire, for an independent medical examination." *State Farm Mutual Auto Insurance Co. v. Zachary, supra.* The existence of good cause will vary from case to case according to the nature of the alleged injury and the type of examination requested. Whether good cause has been shown must depend upon the exercise of sound discretion by the trial court, and the exercise of such discretion will not be reversed absent a palpable abuse thereof. Before ordering a party to submit to an examination, however, a trial court should require a showing that a bona fide controversy exists regarding the nature of the claimant's injuries. It must also be shown that the requested mental or physical examination will substantially aid the insurer in evaluating the claim. *State Farm Mutual Auto Insurance Co. v. Allen, supra; State Farm Mutual Auto Insurance Co. v. Zachary, supra.* Whether the same information can be obtained by other means is also a proper consideration. *State Farm Mutual Auto Insurance Co. v. Zachary, supra.*

■ Donna Hunt was injured as a result of a vehicular accident on January 3, 1988. Following the accident, she did not receive any hospital treatment, either as an in-patient or as an out-patient. On the day following the accident, however, she began a series of treatments with Jack Taylor, a chiropractor. State Farm Insurance Company was the first party insurance carrier for Donna Hunt and paid all of Taylor's bills up to and including December,

trator may order that the person be denied benefits until compliance.

1988.[3] In response to an inquiry made by State Farm in March, 1988, Taylor estimated that Hunt would require treatment for "approximately 12 to 24 weeks." Despite this estimate, Taylor continued to treat the claimant up to and including March, 1989, when a petition to compel a physical examination was filed. In the interim, Hunt had refused State Farm's requests that she voluntarily present herself for an examination by an orthopedic surgeon to determine whether she required continuing chiropractic treatment. Neither objective evidence nor medical opinion has been submitted to State Farm to support a continuing need for chiropractic treatments. The trial court found that these circumstances constituted good cause for requiring Hunt to submit to a physical examination. We find therein no abuse of discretion.

That there is a bona fide need for a physical examination of Donna Hunt seems clear. Although never hospitalized, she has been receiving continuous chiropractic treatments for a period in excess of fourteen months. This period exceeded by approximately five months the estimated period of treatment submitted to the insurer by Hunt's own chiropractor. Thus, it seems patently clear that a physical examination by a physician will substantially aid the insurer in evaluating Hunt's claim, in determining the nature of her injuries, and in assessing the need for continuing treatment. Indeed, it may appear that other, more satisfactory means are available to correct the condition from which she purports to suffer. Because good cause for a physical examination was shown, the learned trial judge did not abuse his discretion when he granted the insurer's petition and required the claimant to submit to a physical examination.

■ Appellant argues that the trial court's order was premature because depositions had not been taken pursuant to Pa.R.C.P. 209. In this case, however, depositions were unnecessary to establish good cause for requiring the claimant to submit to a physical examination. From the petition

---

**3.** These payments were in the approximate sum of four thousand, five hundred ($4,500) dollars.

and answer, it is abundantly clear that the insurer was being asked to pay for continued treatments, that a bona fide dispute existed as to the need for continued treatments, that the insured had not been examined by a medical doctor or, if so, that the results of such an examination had not been made available to the insurer, and that a physical examination of the claimant would substantially assist the insurer in evaluating the claim and in determining the future course of any treatment which the claimant might require. From the pleadings, therefore, the trial court could determine, as it did, that the test for "good cause" had been met as defined in *State Farm Mutual Auto Insurance Co. v. Allen, supra*, and *State Farm Mutual Auto Insurance Co. v. Zachary, supra*.

The order of the trial court is affirmed.

TAMILIA, J., files a dissenting Opinion.

TAMILIA, Judge, dissenting.

I respectfully dissent to the disposition by the majority which affirms the trial court in requiring the appellant to submit to a physical examination pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Act (MVFR). I do not believe the requirement of "good cause" as enunciated by *State Farm Mut. Auto. Ins. Co. v. Allen*, 375 Pa.Super. 319, 544 A.2d 491 (1988) (Wieand, J., dissenting), and *State Farm Mut. Auto. Ins. Co. v. Zachary*, 370 Pa.Super. 386, 536 A.2d 800 (1987), have been met. The majority would ignore the test clearly adopted in *Zachary* and followed in *Allen*. As in those two cases, State Farm, without further inquiry of the doctor treating appellant as to her continued need for treatment, or by means of interrogatories or depositions attempting to ascertain her condition, filed its motion for medical examination based on an early estimate of the time required for treatment. This does not carry the burden of establishing "good cause" for

an intrusive medical examination which is required by 75 Pa.C.S. § 1796, that is, "[t]he order may only be made upon motion for good cause shown."

In this case, the author of the majority, Judge Wieand, would adopt his view espoused in a dissent in *Allen, supra,* for a less stringent requirement for a showing of good cause. Nowhere in the majority is there an analysis of the required steps, in relation to the facts of this case, as established in *Zachary* and *Allen,* for a showing of good cause. Instead, the majority relies primarily on judicial discretion, without requiring: (1) that the proofs submitted in support of the claim are inadequate, i.e., that the information supplied by the claimant in support of his or her claim does not eliminate reasonable doubt as to the validity of the claim; (2) that the proposed examination will substantially assist the insurer in evaluating the claim; and (3) that the amount of the claim justifies a court order compelling the claimant to submit to a physical examination.

Admittedly, the requirements are stringent, but two panels of this Court have determined that a "good cause" showing must be established with sufficient specificity to avoid intrusiveness of a medical examination in a spurious manner. Mere continued need of treatment beyond the preliminary estimate of the time required for treatment is not a sufficient showing. *Zachary* and *Allen* make it explicitly clear how the burden is to be met for a good cause showing.[1] In failing to do anything towards meeting this burden, beyond filing its motion alleging generalities, State Farm has failed to meet the test. I would vacate the Order for medical examination and remand for whatever further proceedings are necessary to comply with a good cause showing.

1. While the majority Opinion, in its final sentence (At p. 367), states the trial court determined that the test for "good cause" had been met as defined in *Zachary* and *Allen,* declaring it to be so does not make it so, when, in fact, judicial discretion is substituted for the three-part test required by those cases.