## McDaniel v. State Farm Mutual Automobile Insurance Co.

*William J. Madden,* for plaintiffs.
*George H. Rowley,* for defendant.

ACKER, *P.J.,* February 23, 1990 — We have for consideration two civil actions requesting that defendant insurance carrier assume payment of medical bills pursuant to the Motor Vehicle Financial Responsibility Act. 75 Pa.C.S. §1701 et seq. The cases come before the court upon petitions filed by defendant, State Farm Mutual Automobile Insurance Co., to require plaintiffs to provide defendant with a current authorization to obtain medical records and to submit to an independent medical examination by James Cosgrove, M.D. at the Passavant Hospital in Pittsburgh. To these petitions, plaintiffs have filed replies. Although the parties were offered the opportunity to present evidence, they elected not to do so. Oral arguments and briefs were presented. It would appear defendant approached this case as any request for a physical examination where a physical or mental condition is in controversy. It relies upon Pa.R.C.P. 4010(a).

The right to require a physical examination is, however, much more limited.

The requirements to obtain a physical examination under the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq., are set forth in section 1796 as follows:

"Whenever the mental or physical condition of a person is material to any claim for medical, income loss. . .benefits, a court of competent jurisdiction . . . may order the person to submit to a mental or physical examination by a physician. The order may only be made upon motion for good cause shown . . . if a person fails to comply with an order to be examined, the court or the administrator may order that person be denied benefits until compliance."

The term "good cause" has been in the law of discovery for many years. In *Schlagenhauf v. Holder,* 397 U.S. 104, 885 .S.Ct. 234 (1964), the court was called upon to interpret Federal Discovery Rule 35(a). There it was held that the "good cause" and "in controversy" required by federal rule 35(a) are not met by mere conclusory allegations of pleadings, nor by mere relevance to the case. There must be an affirmative showing that the examination sought is in a matter which is really and genuinely in controversy, and that good cause exists to order the exam. The court further held, "Good cause requirement is not a mere formality, but a plainly expressed limitation of the rule." *Schlagenhauf, supra.* What may be good cause for one examination may not be for another. Therefore, the court holds that federal rule 35 requires discriminating application by the trial judge as to whether the movant has adequately demonstrated the existence of the prerequisites for application of the rule.

Pennsylvania Rule of Civil Procedure 1410 was amended in 1978 to bring it more closely in confor-

mity to Federal Rule of Civil Procedure 35. Contained therein is the wording, "good cause shown." This requirement was added specifically although by implication, in prior Pennsylvania discovery rules, good cause was required. Its purpose is to protect against an undue invasion of the right of privacy.

The federal cases have split on the type of actions, examinations can be required. Pennsylvania, however, has taken the liberal view. *Myers v. Travelers Insurance Co.,* 353 Pa. 523, 46 A.2d 224 (1946). There, the Wigmire view is adopted that the duty to bear witness to the truth includes the duty to exhibit one's physical body as far as the ascertainment of the truth requires it.

The resolution of the instant cases must turn upon the application of the facts to the law through *State Farm Mutual Automobile Insurance Co. v. Allen,* 375 Pa. Super. 319, 544 A.2d 491 (1988) and *State Farm Mutual Automobile Insurance Co. v. Zachary,* 370 Pa. Super. 386, 536 A.2d 800 (1987), allocatur denied, 533 A.2d 969. The teachings of *Zachary, supra,* are applied in *State Farm Mutual Automobile Insurance Co. v. Allen, supra.* In *Allen,* the holding of *Zachary* is followed that "in order to demonstrate 'good cause,' it is mandatory that the averments contained within the petition . . . must rise to a level of specificity so as to insure that the claimant will not be forced to submit to unnecessary examinations sought in bad faith . . ." *Allen* at 323, 544 A.2d at 492.

The *Zachary* and *Allen* courts adopted the analysis of two lower court decisions, both arising from Allegheny County and both authored by Wettick, *J.* The holding of both *Nationwide Insurance Co. v. Fandary,* 12 D.&C. 3d 65 (1979), and *Erie Insurance Exchange v. Dzadony,* 39 D.&C. 3d 33 (1986), was accepted. "Good cause" as taken from *Fandary, supra,* at 70 is that at a minimum the petition must

allege: (1) facts showing that proof supplied in support of the claim are inadequate; (2) that the proposed physical examination will substantially assist in evaluating the claim; (3) the amount of the claim justifies the order. In *Dzadony, supra,* Judge Wettick added to the rule that the plaintiff must show that the information supplied by the insured in support of his or her claim does not eliminate reasonable doubt as to the validity of the claim.*

We follow the holdings of the majority in *Zachary* and the panel opinion in *Allen.*

## FACTS
### McDaniel v. State Farm Mutual Automobile Insurance Co.

This civil action was commenced by a complaint on March 3, 1989, claiming that payments were overdue to Dr. Joseph Conti for his services to

---

* In a dissent in *State Farm Mutual Automobile Insurance Co. v. Allen, supra,* Judge Wieand, of a panel of three judges of the Superior Court deciding the *Allen* case, dissented from this portion of the test, contending there was no way of determining the precise amount which would compel the claimant to submit to a physical exam. Judge Wieand states, "This is based upon the misguided belief that an answer should accept and not resist a false claim as long as it does not involve a substantial amount."

Judge Wieand, in dissent in *Allen,* also holds that he would reject the majority suggestion that the claimant should not be required to submit to an examination if his proof of injury is adequate. Judge Wieand argues that the issue should not be the strength of the claimant's proofs. He states the rule as whether there is a bona fide controversy about the nature and/or extent of the claimant's injury, is whether a physical examination would substantially assist the insurer in evaluating the claim. If so, an examination should be allowed. Judge Wieand would formulate a rule that there are but two components: (1) a bona fide controversy regarding the nature of the claimant's injuries; and (2) a showing that the required mental or physical examination will substantially aid the petitioner insurer in its evaluation of the claim.

plaintiff. The medical bills incurred to that date were in the amount of $3,185, of which $1,325 were paid leaving a balance owing of $1,860, plus claimed interest at the rate of 12 percent and attorney's fees. Attached to the complaint as exhibit A is a statement showing the date services were rendered in the nature of the services, as well as the charge and the current·balance.

On April 19, 1989, defendant, State Farm, filed its answer. It acknowledged the charges made as alleged, but denied that the charges were reasonable and that the services were necessary.

A motion to complete discovery within 60 days was filed by plaintiff's counsel on April 19, 1989. On July 24, 1989, a praecipe to the trial list was filed by counsel for plaintiffs. On August 31, 1989, the matter came for pretrial. On that same day, defendant filed a petition for medical examination of the plaintiff. By paragraph 6, it is alleged that defendant has requested plaintiff to furnish it with a medical authorization pursuant to Pa.R.C.P. 4009 in order to inspect the medical records and to submit to an independent medical examiner· pursuant to Pa.R.C.P. 4010, and further, that plaintiff has refused to furnish the medical authorization. It is also alleged in paragraph 8 that plaintiff's attorney has advised defendant's counsel that his client is suffering from carpal tunnel syndrome as a result of the accident, but the defendant has no information concerning such injury. It is claimed under paragraph 9 that the need for a medical examination is apparent from the reports of Dr. Conti dated April 8, 1988 and July 18, 1988, and the report from a Dr. Marc A. Maiatico, a consultant engaged by defendant, dated October 13, 1988. Copies of this material were attached as exhibits to the petition.

On August 30, 1989, we ordered a rule to show cause be entered why plaintiff, McDaniel, should not sign an authorization to obtain medical records and to submit to an independent examination by Dr. Cosgrove. We required plaintiff, McDaniel, to file an answer within 20 days, denying, admitting, or qualifying her response to each numbered paragraph contained in the petition. Further, it was provided that if either party was dissatisfied by the admissions, if any, contained in the answer, that party could praecipe the prothonotary to place the matter on the next available argument list for the receipt of testimony and argument upon the merits. Neither party did so.

On September 21, 1989, McDaniel filed her reply to the petition. Contained therein was exhibit A, being the only evidence of reason assigned by petitioner for denying defendant's claim through a letter to Dr. Conti of January 26, 1989. It merely states:

"Per our most recent review of the above file concerning payment of your outstanding balance, please be advised that we have been advised per our review that your entire outstanding balance is denied. Should you have any additional information concerning the above patient that would cause us to alter our position, please forward it to this office for review."

Defendant in paragraph 7 denied the allegation of petitioner that plaintiff had refused to furnish medical authorizations. In fact, it is alleged that plaintiff signed all the medical authorizations submitted down to the denial of the claim of January 26, 1989. But thereafter, she has refused to execute authorizations until payment for medical expenses has been made to date, all of which was explained to defendant through a letter of March 17, 1989, by

Attorney Madden to Attorney Rowley. Plaintiff denied defendant counsel's claim that she is suffering carpal tunnel syndrome as a result of the accident. Rather, to the contrary, it is alleged, paragraph 8 of the reply, that there is no reference to carpal tunnel syndrome in Dr. Conti's bills, and that the only reference to such a disorder comes through a letter of April 28, 1989, and addressed to plaintiff's counsel by State Farm. Plaintiff further alleges in its reply that all of Dr. Conti's treatments for which plaintiff seeks reimbursement from defendant are for the neck and back injuries referred to in Dr. Conti's report of July 18, 1988, and November 4, 1988, both of which are attached to the reply.

Applying the standards for determination of "good cause" in such cases as announced in *State Farm Mutual Automobile Insurance Co. v. Zachary, supra,* and *State Farm Mutual Automobile Insurance Co. v. Allen, supra,* petitioner has clearly failed to establish "good cause." There is no credible showing that the proof supplied in support of the claim was inadequate, nor that the proposed physical exam would substantially assist in evaluating the claim. Clearly the amount of the claim justifies the order.

We conclude that the petition illustrates a desire but not a need for an independent medical examination.

### Commisso v. State Farm Mutual Automobile Insurance Co.

A civil action was commenced by a complaint on January 12, 1989. This plaintiff was injured on or about April 13, 1988, in an automobile accident. A first party claim was asserted. Again, Dr. Joseph John Conti was the attending physician. A statement of account was submitted but refused. Defen-

dant company has paid $760, but according to plaintiff owes $600 plus interest at the rate of 12 percent plus reasonable attorney's fees.

An answer was filed to the complaint on March 6, 1989, denying that the treatment given by Dr. Conti was reasonable and necessary. Further, it is alleged by paragraph 10 of the answer that defendant is required to pay only customary charges for reasonable and necessary medical treatment.

As in the *McDaniel* case, the matter came for pretrial on August 30, 1989, and a rule to show cause was issued giving the parties the opportunity for an evidentiary hearing if they desired after the filing of a responsive answer to the petition to request a physical examination filed by plaintiff on that day. It is claimed that plaintiff has refused to submit to a medical examination and failed to furnish the requisite authorization. It is asserted in paragraph 8 of the reply that the examination is necessary as evidenced by the attached reports of Dr. Conti of November 4, 1988, and February 27, 1989, and a letter from the attorney for plaintiff of June 9, 1989.

By letter of William Madden to George Rowley of March 7, 1989, the view is expressed by Mr. Madden that plaintiff had already executed an authorization to State Farm to receive the information from her treating physician and to advise if that was not accurate. There is no evidence of a response by Mr. Rowley. On March 10, 1989, the claim superintendent of State Farm wrote to Mr. Rowley, her counsel, stating that no authorization was ever secured for release of medical information. In that petitioner has the burden of proof and elected not to have an evidentiary hearing, we deem the answer of plaintiff to be correct that authorization had been submitted. The letter of November 4, 1988, set forth the

injuries as a result of the accident consisting of a sprained cervical spine, sprained dorsal spine, aggravation of a pre-existing osteoarthritic cervical spine and paresthesia. A copy of the cervical spine X-ray of April 15, 1988, was forwarded, along with a copy of an EMG done on August 3, 1988. The EMG studies were performed because of a persistent radicular pain in her arm which fortunately has subdued. As of the last visit in the doctor's office of October 24, 1988, she continued to have cervical and dorsal pain with associated headaches and restriction of cervical motion, as well as pain in the cervical and dorsal spine. The doctor acknowledged that he knew of records of plaintiff back to September 1975, and in particular an automobile accident in which she was involved January 7, 1976. Nevertheless he concluded that there was some permanent partial disability as a result of this motor vehicle accident.

A more detailed letter was sent to Attorney Madden on April 13, 1988, concluding that there was positive nerve root involvement at C6 and probably at C5 and C7. In addition, plaintiff was having a numbness in her fingers, impairment of her ability to hold objects, and a tingling sensation through her upper extremities. The doctor indicated that he may have to refer the case for surgical treatment.

On June 9, 1989, Attorney Madden forwarded to Attorney Rowley an MRI study of May 31, 1989, noting that Dr. Conti was referring the case to a neurosurgeon for an evaluation and potential surgical intervention.

The sole reason for denying the claim was set forth in a letter by a claims representative of defendant to plaintiff of December 7, 1988. He stated that the company's analysis of the treatment plan indicated a level or amount of care necessary to diagnose and treat the reported injury which was exces-

sive. It is claimed this conclusion was based on consultation with two independent medical consultants. The company, therefore, was terminating any further payments.

Again, plaintiff denied that she refused to execute all authorizations prior to the unilateral termination of her benefits.

Again examining the criteria of *State Farm Mutual Insurance Co. v. Allen, supra,* and *State Farm Mutual Insurance Co. v. Zachary, supra,* we conclude that the proof supplied in support of the claims was more than adequate; that the proposed physical exam would not substantially assist in evaluating the claim, and that the amount of the claim justifies the order.

Finally, there was no credible evidence to demonstrate in what manner the alleged deficiencies caused State Farm to harbor reasonable doubt as to the validity of the claim.

Wherefore, we enter the following

### ORDER

And now, February 23, 1990, it is hereby ordered and decreed that the petitions in both of the above-captioned actions to require a current dated authorization to obtain medical records and to require plaintiffs to submit to an examination by Dr. James Cosgrove, M.D. at Passavant Hospital in Pittsburgh are both denied.