### Sentry Insurance Co. v. Feldman

*John Gerald Devlin,* for plaintiff.
*Simon J. Denenberg,* for defendants.

SUBERS, *J.,* August 3, 1990 — Three appellants appeal from the court order entered in a dispute with their insurer. These three cases present the same issue as to whether the court properly ordered the appellants to submit to an independent medical and dental examination. We begin this opinion with a discussion of the factual background behind the parties' dispute.

Appellants, Stanley, Rosalind and Andrea Feldman, were involved in an automobile accident on June 18, 1989, near Haverford Township, Delaware County, Pennsylvania. The appellants made claims for medical payments pursuant to an insurance policy issued by the appellee-insurer. On January

18, 1990, appellee filed three petitions against each appellant for independent medical examinations pursuant to Pennsylvania Motor Vehicle Financial Responsibility Act, 75 P.S. 1796. Appellants answered these petitions on February 20, 1990.

The parties in this case have waived oral arguments. On April 16, 1990, upon a review of the submitted memoranda of law, this court issued three orders granting appellee's petition with respect to each appellant, and requiring the appellants to submit to independent medical and dental examinations. Appellants now appeal from these orders.

## ISSUE

Did the court err in granting a petition to compel an independent medical examination pursuant to section 1796 of the Pennsylvania Motor Vehicle Financial Responsibility Act?

## DISCUSSION

Appellants contend that this court erred when it ordered them to submit to independent medical and dental examinations. We disagree. Title 75 Pa.C.S. §1796 is the relevant statute and provides as follows:

"(a) *General Rule* — Whenever the mental or physical condition of a person is material to any claim for medical, income loss or catastrophic loss benefits, a court of competent jurisdiction or the administrator of the Catastrophic Loss Trust Fund for catastrophic loss claims may order the person to submit to a mental or physical examination by a physician. The order may only be made upon motion for good cause shown. . ."

The standard for determining whether there is good cause for requiring an insured to submit to an independent medical examination is found in *State Farm Mutual Automobile Insurance Company v.*

*Zachary,* 370 Pa. Super. 386, 536 A.2d 800 (1987). The court in *Zachary* revealed its concern that an insured would be forced to submit to an unnecessary physical examination by an overzealous insurer. The court held that to prevent such undue influence the averments contained in the petition must rise to a level of specificity so as to ensure that the claimant will not be forced to submit to unnecessary examinations sought in bad faith: *Id.* at 390, 536 A.2d at 801; *State Farm Insurance Co. v. Hunt,* 390 Pa. Super. 620, 569 A.2d 365 (1990).

The level of specificity required of a petition under 75 Pa.C.S. §1796 necessitates that the insurer make the following allegations: (1) insured's proofs supplied in support of the claim are inadequate; (2) the proposed physical examination will substantially assist the insurer in evaluating the claim; and (3) the amount of the claim justifies a court order compelling the claimant to submit to a physical examination. *Nationwide Mutual Insurance Co. v. Fandry,* 12 D.&C. 3d 65 (1979).

In the case at bar, petitioner exercised good faith in requesting that the insureds submit to medical and dental examinations. The insured's proofs supplied in support of the claim are inadequate. Appellee alleges in each petition that, although appellants report that they suffered injuries from the accident, the nature of the injuries were unknown to appellant. Furthermore, there is no medical opinion as to the cause of any of the appellants' injuries.

The proposed physical examination will substantially assist the insurer in evaluating the appellants' claims. In the present case, it appears that all three appellants have suffered soft-tissue injuries and are currently undergoing treatment. An independent medical examination will substantially assist the

insurer to first, identify the nature of appellants' injuries and, second, evaluate the reasonableness of their claims.

The amount of the claim in this case justifies a court order compelling the claimants to submit to a physical examination. Appellee has been presented with a substantial claim in that the appellants have already received seven months of medical treatment. Additional medical care may be necessary because it is not yet known whether any of the appellants have sustained permanent injuries.

## CONCLUSION

The intent of appellee in petitioning for independent medical examinations is not to harass the appellants, but to evaluate the reasonableness of their claims. The decision of this court was proper and should, therefore, be affirmed.