FIKE, P.J.,
This case is before the court on the petition of State Farm Insurance Companies to compel physical examination of respondent, Shirley Miller.
In June 1986, Miller was injured in an automobile accident. At the time, Miller was insured under an automobile insurance policy issued by State Farm. Miller submitted a claim to State Farm for first-party benefits. State Farm honored the claim and continues to pay benefits as claims are submitted by Miller. State Farm now perceives a need for additional medical information, and has requested that Miller undergo an independent medical examination by a physician to be chosen by State Farm. Communications between the parties regarding the requested examination began in approximately October 1989. Since that time, despite several requests and scheduled appointments, the parties were unable to agree upon the mechanics of the examination. As a result, State Farm filed their petition to compel Miller to submit to the requested exam, pursuant to the Motor Vehicle Financial Responsibility Act, 75 Pa.C.S. §1796.
*616 Although Miller’s answer to State Farm’s petition denies that State Farm has shown a need for the requested examination, it appears that the main obstacle has been disagreement about Miller’s request to be accompanied by her counsel or a monitor, or to have the exam videotaped. We note an ambiguity in the brief filed on behalf of Miller. At one point the statement is made that Miller is willing to comply with the request for examination provided that the examinations either be monitored or videotaped. At another point in the brief, however, Miller’s counsel argues against petitioner’s claim that the requisite need has been shown.
After review of the briefs and arguments presented, we will grant State Farm’s petition for medical examination; we will deny Miller’s request that the exam be videotaped; and we will grant Miller’s request to be accompanied by her counsel or a monitor at the medical examination, subject to the conditions defined below.
The Motor Vehicle Financial Responsibility Act, 75 Pa.C.S. §1796, provides in pertinent part:
“Whenever the mental or physical condition of a person is material to any claim for medical, income loss or catastrophic loss benefits, a court of competent jurisdiction or the administrator of the Catastrophic Loss Trust Fund for catastrophic loss claims may order the person to submit to a mental or physical examination by a physician. The order may only be made upon motion for good cause shown. ...”
Appellate authority holds that the petition requesting the examination must “illustrate a need, rather than a mere desire, for an independent medical examination.” State Farm Mutual Automobile Insurance Company v. Zachary, 370 Pa. Super. 386, 390, 536 A.2d 800, 801 (1987). In Zachary, the Superior Court panel adopted the “good cause” *617 analysis of Nationwide Mutual Insurance Company v. Fandray, 12 D.&C. 3d 65 (1979), which required that the petition, at a minimum, aver facts showing that the evidence previously supplied to support the claim is inadequate, that the examination will substantially assist the insurer in evaluating the claim, and that the amount at issue justifies an order compelling the examination. Id.[1] See also, State Farm Mutual Automobile Insurance Company v. Allen, 375 Pa. Super. 319, 544 A.2d 491 (1988).
We must look therefore, to the facts of record to determine whether these requirements are met.
Miller contends preliminarily that argument on the petition is premature and cites Keystone Insurance Company v. Caputo, 365 Pa. Super. 431, 529 A.2d 1134 (1987), for the proposition that under Pa.R.C.P. 209, State Farm must first take depositions to establish the facts upon which it relies. We disagree. Under Rule 209, the moving party is not compelled in every case to take depositions, but it is given the option to do so, if it desires. See State Farm Insurance Companies v. Hunt, 390 Pa. Super. 620, 569 A.2d 365 (1990). If the moving party chooses not to take depositions, he may schedule the case for argument on petition and answer. This *618 course of action is not without risk, however. If the moving party lists the case for argument on petition and answer, without depositions, all averments of fact in the answer may be taken as admitted. See Rule 209(b). The moving party also takes the risk that the court will find that the petition provides insufficient facts upon which a decision in the case can be based. See, e.g., Zachary, supra, Allen, supra, and Caputo, supra.
We distinguish the instant case from Zachary, Allen, and Caputo, supra, however, since in our opinion the petition and answer at issue here provide sufficient facts upon which an informed decision can be based. We therefore will not require State Farm to supplement the record by deposition.
The averments of the petition and answer, which are uncontroverted, establish that on the date of the loss in 1986, following the accident, Miller received treatment at the emergency room at the Somerset Hospital and was diagnosed at that time as suffering from soft-tissue injury and was released. On the day following the loss, Miller returned to work in general housekeeping. In 1988, Miller was seen by a Dr. Cube, who diagnosed Miller as having a herniated disc. Miller received physical therapy treatment from January to March 1988. Except for the two-month period of physical therapy, Miller has remained employed. Medical records reflect that Miller has extensive pre-existing conditions, including disc surgery, spinal stenosis and degenerative changes. Miller has also been receiving chiropractic services for her injuries.
We agree with State Farm that under these circumstances, the requisite “good cause” for the examination has been shown.
Before filing its petition, State Farm first examined Miller’s medical records. Based upon those records a reasonable need for independent medical *619 information is apparent since the records reveal conflicting diagnoses and the presence of pre-existing conditions. This case is similar to Donegal Mutual Insurance Company v. Wallace, supra, in which the court found good cause for independent examination based upon conflicting reports from the claimant’s treating physicians and continuing treatment for pre-existing conditions.
Although a specific dollar amount has not been presented, the facts now before us show that State Farm has been paying benefits since the date of the loss and that Miller’s claims are continuing.[2]
Given Miller’s work history, the conflicting opinions in Miller’s medical records, the time which has elapsed since the accident, and the report of Miller’s pre-existing condition, we conclude that the examination will substantially assist State Farm in evaluating the claim. We will, therefore, grant State Farm’s petition for independent medical examination.
We deny Miller’s request for videotaping of the examination. Neither counsel has cited authority either permitting or prohibiting a filmed medical examination. We have concluded that videotaping presents an unreasonable intrusion into the examining room and unduly imposes upon the examining physician.
We treat Miller’s request to be accompanied by her attorney or a monitor differently, however. As the court said in State Farm Mutual Automobile Insurance Company v. Morris, 289 Pa. Super. 137, 142, 432 A.2d 1089, 1092 (1981):
“Whether a person who is to be examined may be accompanied by his or her attorney is also discre- *620 tionaiy with the court. In many cases counsel will not be needed to protect the legal rights of the insured. The examination will be objective and the nature of the injuries readily diagnosed. . . . Other examinations, of course, may involve psychiatric ailments, or physical injuries not readily demonstrated by X-rays or other objective means. In such cases the attendance of counsel may be desired. Therefore, the court may, in its discretion, allow the insured’s attorney to be present during the examination. See and compare: 10 Goodrich-Amram Procedural Rules Service p. 273, §4010(a):9.”
In our analysis of Miller’s request, we have looked to the decisions of other courts for guidance. Counsel’s presence has been permitted when the injuries involved subjective analysis, when the examination required significant questioning, and for other good reasons. See, e.g., Machinski v. Schaaf, 35 D.&C. 3d 572 (1984); Koch v. Galardi, 11 D.&C. 3d 750 (1979). On the other hand, in Bewley v. Crouse, 4 D.&C. 4th 535 (1989), the court permitted counsel to be present only during the history-taking portion of the examination, and denied the request for counsel’s presence at the remaining portion of the examination because there was no showing that the examination would .be other than “objective.”
We also note the discussion of the respective burdens of the requesting party and the patient contained in Koch v. Galardi, supra, and Machinski v. Schaaf, supra. It is plaintiff’s burden to show the need for presence of counsel, and if such need is shown, it is then up to the requesting party to present evidence that counsel’s presence will interfere with the examination.
In the instant case, we have concluded that Miller has shown sufficient reason to be accompanied by her counsel or a monitor. It is likely that the examination will not be completely “objective” and *621 that subjective analysis will be required. In addition, it can be anticipated that Miller’s recitation of her history will be significant. We will, therefore, grant Miller’s request that counsel or a monitor be present.
State Farm has not presented evidence that the presence of counsel or a monitor will interfere with the examination.
ORDER
Now, September 19, 1990, it is ordered that the petition of State Farm Insurance Companies to compel physical examination of respondent, Shirley Miller, is granted, and respondent, Shirley Miller, shall present herself for examination before a physician chosen by State Farm Insurance Companies, at a reasonable date and hour, and upon reasonable notice.
The request by respondent, Shirley Miller, for permission to videotape the examination is denied.
The request by respondent, Shirley Miller, to be accompanied to the examination by her counsel or a monitor, is granted.

. The “good cause” requirement has been defined and applied with varying degrees of precision and uniformity depending upon the court and on the facts of the case. See, e.g., cases cited in this court’s memorandum in Allstate Insurance Company v. Robison, Somerset County, 80 Civil 1987, slip op., October 19, 1987, by Fike, P.J. See also, Light v. State Automobile Insurance Association, 1 D.&C. 4th 127 (1988); Keystone Insurance Company v. Chenowith, 3 D.&C. 4th 637 (1989); Allstate Insurance Company v. Painter, 47 D.&C. 3d 144 (1986); Donegal Mutual Insurance Company v. Wallace, 43 D.&C. 3d 135 (1986). In particular, see also Erie Insurance Exchange v. Dzandony, 39 D.&C. 3d 33 (1986), suggesting the necessity of an affidavit unless it is clear that the information from the treating physician is insufficient to support the claim, commented upon in Zachary, supra.

. We note with interest Judge Wieand’s dissent in Allen, supra, arguing that the amount of the claim should be immaterial, and the majority’s comment at 375 Pa. Super, at 322 n.2, 544 A.2d at 492 n.2.