BIESTER, Jr., J.,
On October 10, 1990, we granted Prudential Property and Casualty Insurance Company’s motion to compel a medical examination of Linda Brozyno Wilkenson by a plastic surgeon and a psychiatrist. Ms. Wilkenson appealed our order to the Superior Court on November 9, 1990. We make the following findings of fact and conclusions of law stating the reasons why we so ordered.
*571 (1) On or about February 5, 1983, Linda Brozyno Wilkenson was involved in a motor vehicle accident. Prudential is the insurer of Ms. Wilkenson.
(2) Ms. Wilkenson was injured in the accident and began receiving medical treatment for her injuries, which included plastic surgery and psychiatric counseling, beginning in 1984.
(3) Ms. Wilkenson has had several dermabrasions performed since the accident and on March 7, 1990, Prudential moved to have her medical condition evaluated by an independent medical examiner.
(4) Prudential contends in its petition that Ms. Wilkenson continues to receive psychiatric care while her treating physician contends that only approximately 50 percent of her psychiatric illnesses are accident-related. (See Prudential exhibit A.)
(5) Prudential contends that it has been more than seven years since Ms. Wilkenson’s accident and as her insurer they have paid over $75,000 on Ms. Wilkenson’s claims. In this seven-year period, Prudential avers that Ms. Wilkenson has not been subjected to an independent medical examination.
(6) Prudential avers that such an independent medical examination will substantially assist them in evaluating her medical claim.
(7) Counsel for Ms. Wilkenson contends that (a) Prudential has not illustrated a “need” to conduct the exam, and, (b) that at the very least Prudential must take a medical expert’s deposition to establish the need for further medical evaluation.
DISCUSSION
Title 75 Pa.C.S. §1796 authorizes a court to require a claimant to submit to a mental or physical examination by a physician upon a showing of good cause whenever the medical or physical condition of *572 the claimant is relevant to the claim. Specially, the statute states:
“(a) General Rule — Whenever the mental or physical condition of a person is material to any claim for medical, income loss or catastrophic loss benefits, a court. . . may order the person to submit to a mental or physical exam by a physician. The order may only be made upon motion for good cause shown.” Id.
Good cause entails more than relevancy. It means that the reasons alleged in a petition must rise to a level of specificity which will insure that a claimant will not be forced to submit to unnecessary examinations in bad faith. State Farm Insurance Companies v. Hunt, 390 Pa. Super. 620, 569 A.2d 365 (1990). (citations omitted) The existence of good cause will vary from case to case according to the nature of the alleged injury and the type of examination requested. Id. Whether good cause has been shown must depend upon the exercise of sound discretion by the trial court, and the exercise of such discretion will not be reversed absent a palpable abuse thereof. Hunt, supra.
In the instant case, Ms. Wilkenson was injured in a motor vehicle accident on or about February 5, 1983. Since that time she has received over $75,000 in medical coverage from Prudential. Prudential has paid her claims over this seven-year period without reservation until receiving a copy of the letter from Elizabeth A. Reynolds, Psy.D. to Mr. Harold D. Borek, Esq., Ms. Wilkenson’s attorney. The letter informed Mr. Borek that approximately only 50 percent of Ms. Wilkenson’s “psychological treatment is directly related to the accident.” (Prudential exhibit A.) Ms. Reynolds sent a copy of this letter to Prudential. It was this letter that caused such an obvious and bona fide need for Prudential to have *573 Ms. Wilkenson subjected to an independent medical examination. It was for this substantial reason that we ordered Ms. Wilkenson to submit to the medical examination.