J-A08007-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| ERIE INSURANCE EXCHANGE, | : | IN THE SUPERIOR COURT |
| | : | OF |
| Appellant | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL MOORE, | : | |
| | : | |
| Appellant | : | No. 2628 EDA 2017 |

Appeal from the Order Entered July 14, 2017
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2016-04852-0

BEFORE:    PANELLA, J., LAZARUS, J., and STRASSBURGER, J.*

DISSENTING MEMORANDUM BY STRASSBURGER, J.:  **FILED OCTOBER 09, 2018**

I disagree that the order appealed from is interlocutory.  Because the July 14, 2017 order disposed of all claims and parties, it is a final order appealable as of right pursuant to Pa.R.A.P. 341.  Therefore, I respectfully dissent.

As explained by the Majority, this case involves an order that directed Moore to submit to an independent medical examination (IME) pursuant to 75 Pa.C.S. § 1796 (authorizing a court of competent jurisdiction to order a claimant to submit to an IME for good cause shown; the order shall provide adequate notice of the time and date and "state the manner, conditions[,] and scope of the examination and the physician by whom it is to be performed").

*Retired Senior Judge assigned to the Superior Court.

This Court examined section 1796 in **Keystone Ins. Co. v. Caputo**, 529 A.2d 1134 (Pa. Super. 1987). In that case, an insurer filed a petition for an IME authorized by section 1796, the trial court granted the petition, and the Caputos appealed. This Court concluded that the order directing the Caputos to submit to a medical examination was a final appealable order because it disposed of all claims and all parties. **See id.** at 1135. This Court reasoned that the trial court had exercised its jurisdiction pursuant to section 1796 for no other reason than to consider the insurer's petition to compel the IME; once that issue was decided, there was no other issue before the court. **Id.** Furthermore, the issue of whether there would be any future litigation between the parties was speculative; if such litigation occurred, it would be in the form of a separate action. **Id.** (citing **State Farm Mutual Auto. Ins. Co. v. Morris**, 432 A.2d 1089, 1091 (Pa. Super. 1981)).

In the instant case, Erie originally instituted the action via a section 1796 petition to compel an IME. The trial court entered an order compelling Moore to submit to the IME. Moore asked for reconsideration, which was denied, and once again the trial court entered an order compelling Moore to submit to the IME. After neither party appealed, the trial court's order became final because there was no other issue pending before the court.[1] **Caputo**, 529 A.2d at 1135; **Morris**, 432 A.2d at 1091.

---

[1] The holdings in **Morris** and **Caputo** negate Erie's argument that the sole claim in the case remained pending until Moore submitted to the exam. **See**

Erie then filed an inartfully-worded motion seeking a new IME date. Erie should have styled the motion as a new section 1796 petition for an IME. Ideally, because such a petition followed a matter that had been resolved with finality, Erie should have filed it under a new docket number. Nevertheless, despite such defects, it should have been clear to all involved that the substance of what Erie was seeking was a new order pursuant to subsection 1796(a) ordering Moore to submit to an IME at a new date and time. Therefore, the trial court should have construed it as a new petition. **See** Pa.R.C.P. 126 ("The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."). Based upon **Caputo** and **Morris**, **supra**, the July 14, 2017 order compelling Moore to undergo an IME by Dr. Manzione within 70 days is a final order, because it once again disposed of all claims

Erie's Brief at 10. Because the trial court is operating under the narrow confines of section 1796, it is the order compelling the exam that resolves the action. **See Caputo**, 529 A.2d at 1135 (quoting **Morris**, 432 A.2d at 1091 ("It was a separate petition which invoked the jurisdiction of the court … for no other reason than to consider and decide if the insured should be required to submit to a physical examination. After the court rendered its decision, the court action came to an end.")). Further, if the insured fails to submit to a court-ordered IME, section 1796 authorizes the insurance company to invoke the court's jurisdiction to obtain an order permitting the insurance company to deny benefits until compliance. 75 Pa.C.S. § 1796(a) ("If a person fails to comply with an order to be examined, the court or the administrator may order that the person be denied benefits until compliance."). Nothing in the statute suggests that the action remains pending until compliance occurs, and **Caputo** and **Morris** dictate otherwise.

- 3 -

and parties.  That being the case, I would not quash this appeal, and I would decide the case on its merits.