J-A13022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RUTH WALLACE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | No. 1428 EDA 2019 |
| INSURANCE COMPANY | : | |
| | : | |

Appeal from the Order Dated April 22, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  September Term, 2008, No. 001840

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 30, 2020**

Ruth Wallace appeals from the order, entered in the Court of Common Pleas of Philadelphia County, imposing attorneys' fees and costs under Pa.R.A.P. 2744 in accordance with this Court's prior order.  Upon review, we affirm.

We have previously set forth the relevant facts of this case, in part, as follows:

> In 2002, while insured by State Farm, Wallace was injured in an automobile collision with a vehicle driven by an underinsured motorist.  Wallace's State Farm policy contained an arbitration clause (Arbitration Clause).  The Arbitration Clause required the parties to submit disputes over coverage to an arbitration panel composed of an arbitrator appointed by State Farm, an arbitrator appointed by Wallace, and a "competent and impartial third arbitrator" to be selected by mutual agreement or judicial

_____

[*] Retired Senior Judge assigned to the Superior Court.

decision. Specifically, the Arbitration Clause empowered the arbitrators to decide whether Wallace was legally entitled to collect compensatory damages from the owner or driver of an underinsured motor vehicle and the amount of damages. Per the policy, the Pennsylvania Arbitration Act of 1927 governed the arbitration, and the "written decision of any two arbitrators shall be binding on each party."

In 2008, Wallace[, represented by Jeffrey S. Pearson, Esquire,] filed a petition to appoint a neutral arbitrator and compel arbitration, averring that State Farm failed to pay all the proceeds to which she was entitled under the policy, and the parties could not agree on a third arbitrator. In support of her claim, Wallace averred that she had already appointed her arbitrator, but she did not name the arbitrator in the petition. After State Farm filed an answer to Wallace's petition, the trial court appointed Shawn Ward, Esquire, as the neutral arbitrator, and ordered an arbitration hearing to occur within 60 days of its February 20, 2009 order.

[At some point prior to 2013, Elliot Tolan, Esquire, began representing Wallace in place of Attorney Pearson.] On July 19, 2013, State Farm filed a petition requesting that the trial court appoint a different neutral arbitrator in place of Ward, averring that Ward had never responded to the parties' correspondence. . . . Wallace filed an answer [] agreeing that Ward should be replaced. Other than stating that her arbitrator was from Philadelphia, [Wallace] still did not identify her arbitrator. Via an August 26, 2013 order, the trial court removed Ward as the neutral arbitrator, appointed Marc Rickles, Esquire[,] in his place, and ordered that arbitration commence within 90 days of its order.

After continued disputes regarding State Farm's requests, Arbitrator Rickles eventually scheduled an arbitration hearing for November 24, 2014, and requested that Wallace identify her arbitrator. . . . Attorney Tolan . . . requested that the hearing be rescheduled due to a scheduling conflict and [announced] his intent to withdraw from Wallace's case.[1]

. . .

On January 16, 2015, the Friday before the scheduled arbitration hearing, Wallace and Allen Feingold filed, *pro se*, a lawsuit against

---

[1] Attorney Tolan did not withdraw; he continues to represent Wallace in the instant appeal.

- 2 -

Arbitrator Rickles, State Farm, [their attorney, his law firm, and the] law firm representing the underinsured motorist in Wallace's third party action. The complaint raised claims of bad faith, breach of contract, "negligent misrepresentation," "abuse of process," fraud, and conspiracy, all of which purport to be related to the defendants' conduct in Wallace's underinsured motorists' arbitration matter and the third-party tort matter.

*Wallace v. State Farm Mutual Auto. Ins. Co*, 199 A.3d 1249, 1251-53 (Pa.

Super. 2018).

The complaint [also] alleged that Feingold "for a substantial period of time represented [Wallace] in these and other matters." [Significantly, a]t the time Feingold and Wallace[, acting *pro se*,] filed the complaint, Feingold was disbarred from practicing law in this Commonwealth. Specifically,

[i]n 2006, [Feingold] was suspended from the practice of law for five years for severe acts of misconduct which included allowing a client to give false testimony, **filing frivolous claims of fraud and civil conspiracy against opposing counsel**, and assaulting a judge who ruled against [Feingold's] client in an arbitration hearing. After [Feingold] failed to notify his clients of this disciplinary action and continued practicing law while suspended, [Feingold] was disbarred by our Supreme Court on August 22, 2008.

*Feingold v. Hendrzak*, 15 A.3d 937, 943 (Pa. Super. 2011) (citations omitted).

*Id.* at n.5 (brackets in original) (emphasis in original).[2]

_____

[2] We previously took judicial notice that:

[1] the law license of Wallace's first attorney in this matter, Attorney Pearson, was suspended for 20 months on June 28, 2011, for assuming representation of Feingold's former clients after Feingold's suspension, and then assisting Feingold in [his] unauthorized practice of law with respect to those clients[; and 2] the Disciplinary Board of the Supreme Court of Pennsylvania

- 3 -

On Sunday, January 18, 2015, Feingold sent a fax to Arbitrator Rickles and [State Farm's attorney]. In the fax, Feingold referenced the newly-filed lawsuit, requested that Arbitrator Rickles withdraw from the arbitration matter, and threatened to join State Farm's arbitrator in the lawsuit as a defendant if he participated in the arbitration matter further.

. . .

On the morning of the January 19, 2015 hearing, Wallace, [Attorney] Tolan, and the arbitrator purportedly appointed by Wallace failed to appear. Arbitrator Rickles attempted to reach out to Attorney Tolan multiple times. After [receiving] no response, the arbitration hearing proceeded without [them].

Arbitrator Rickles and State Farm's arbitrator, William Thomson, Esquire, began by addressing Wallace's newly-filed suit. They both concluded that the lawsuit did not require [their] recusal because each believed he could act impartially. Both declined to consider Feingold's faxed request for recusal because Feingold was neither Wallace's attorney nor a party in the case. Thus, not only had Wallace failed to move for recusal, the arbitrators agreed that it was her burden "to produce evidence establishing bias, prejudice[,] or unfairness[,] which raises a substantial doubt as to the . . . neutral party's ability to preside impartially." The two arbitrators entered an award on January 19, 2015, in favor of State Farm and against Wallace, noting that Wallace, [her] attorney, and [her] arbitrator had failed to appear.

On February 18, 2015, Wallace, through Attorney Tolan, petitioned the trial court to set aside the arbitration award.

. . .

The trial court initially granted Wallace's request [on April 6, 2015], but in response to State Farm's timely-filed motion for reconsideration, the trial court vacated [its] order pending reargument. Following briefing and a rule-to-show cause hearing on June 30, 2017, the trial court granted State Farm's motion for reconsideration, vacated its April 6, 2015 order granting Wallace's petition to strike the arbitration award, confirmed the January 19,

_____

publicly reprimanded Wallace's current counsel, Attorney Tolan, for his association with Feingold.

**Wallace**, **supra** at n.5 (citations omitted).

- 4 -

2015 arbitration award, and entered judgment in favor of State Farm.

*Id.* at 1253-54.

Wallace appealed the trial court's June 30, 2017 order confirming the January 19, 2015 arbitration award. *See id.* Upon review of Wallace's appeal from the trial court's order, this Court concluded that Wallace "waived all issues for appeal based both upon her failure to comply with our rules of civil procedure and her failure to preserve her objection to Arbitrator Rickles's participation in the first instance" as required by *State Farm Mutual Auto. Ins. Co. v. Dill*, 108 A.3d 882 (Pa. Super. 2015) (en banc). *Wallace*, *supra* at 1257. This Court recognized that Attorney Tolan represented the appellant in *Dill*, where we plainly held that even if an arbitrator "had an independent obligation to [disqualify himself voluntarily], such an obligation does not remove the onus from [the claimant] to object to the composition of the [arbitration] panel." *See Dill*, *supra* at 886. Given Attorney Tolan's knowledge that Wallace had to lodge an objection to preserve her claim, Wallace's failure to do so, Attorney Tolan's association with Feingold (who allegedly previously represented Wallace) and his prior disciplinary action for the same, plus the fact that Wallace herself attempted to create the basis for recusal with Feingold in the first place, we concluded that Wallace's appeal had no basis in law or in fact. *Wallace*, *supra* at 1257; Pa.R.A.P. 2744. Accordingly, we affirmed the trial court's order and *sua sponte* imposed sanctions upon Attorney Tolan pursuant to Pa.R.A.P. 2744 "based upon his

obdurate and vexatious prosecution of frivolous appeals despite his full knowledge that Wallace never preserved an objection to Arbitrator Rickles's participation." **_Id. See also U.S. Claims, Inc. v. Dougherty_**, 914 A.2d 874, 878 (Pa. Super. 2006) (under Rule 2744, appellate court may _sua sponte_ award reasonable counsel fees if it determines appeal is wholly frivolous or taken solely for delay, or that conduct of participant is "dilatory, obdurate, or vexatious;" appeal not frivolous simply because it lacks merit; rather, it must be found that appeal has no basis in law or fact).[3]

Upon remand, in accordance with this Court's November 30, 2018 decision, the trial court ordered State Farm on December 12, 2018 to submit its attorneys' fees and costs and directed Attorney Tolan to file a response. On April 24, 2019, the trial court granted State Farm's motion for counsel fees in the amount of $5,987 and $171 in advanced costs. On May 9, 2019, Wallace filed a timely notice of appeal to this Court. Both Wallace and the trial court complied with Pa.R.A.P. 1925. Wallace raises the following issues for our review:

---

[3] Wallace sought reconsideration of this Court's November 30, 2018 order, which was denied on February 5, 2019. On March 7, 2019, Wallace filed a petition for allowance of appeal to the Supreme Court of Pennsylvania, which was denied on August 14, 2019. The trial court "remained unaware of the instant appeal until it received the August 14, 2019 Order of the Supreme Court of Pennsylvania denying Wallace's petition for allowance of appeal and saw the instant appeal pending on the case docket." Trial Court Opinion, 8/22/19, at 3-4.

1. Whether the Superior Court erred in its *sua sponte* grant of attorney[s'] fees pursuant to [Rule] 2744 in connection with the initial direct appeal of this matter?

2. Whether the lower court erred in awarding counsel fees to [State Farm] under [Rule] 2744 without conducting an evidentiary hearing?

Brief of Appellant, at 4.

First, we note that Wallace's challenge to this Court's prior *sua sponte* grant of attorneys' fees pursuant to Rule 2744 "cannot be addressed on this appeal because [it is] precluded by the law of the case doctrine." **SmithKline Beecham Corp v. Stop Huntingdon Animal Cruelty USA**, 959 A.2d 352 (Pa. Super. 2008). This doctrine:

> refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court. . . . Among the related but distinct rules which make up the law of the case doctrine are that: . . . (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court[.]

**Id.**, citing **Commonwealth v. Starr**, 664 A.2d 1326 (Pa. 1995). This Court previously considered the question of attorneys' fees in November of 2018, upon review of Wallace's initial appeal from the trial court's order affirming the arbitration award against her, and determined that such fees were warranted. **See Wallace**, **supra**. Thereafter, we denied Wallace's motion for reconsideration on February 5, 2019, and the Pennsylvania Supreme Court denied her petition for allowance of appeal on August 14, 2019. Therefore, we will not now re-address the issue. **SmithKline Beecham Corp**, **supra**.

Next, we turn to the sole cognizable issue raised in Wallace's appeal: whether the trial court erred by awarding attorneys' fees to State Farm without conducting an evidentiary hearing. "Our review of a trial court's order awarding attorneys' fees to a litigant is limited solely to determining whether the trial court palpably abused its discretion in making the fee award." *Kulp v. Hrivnak*, 765 A.2d 796, 799 (Pa. Super. 2000). "If the record supports a trial court's finding of fact that a litigant violated the conduct provisions of the relevant statute providing for the award of attorney[s'] fees, such award [will] not be disturbed on appeal." *Id.* Wallace is not entitled to relief.

Specifically, Wallace argues that under *Kulp* and *State Farm Mutual Auto. Ins. Co. v. Allen*, 544 A.2d 491 (Pa. Super. 1988), it was palpable error for the trial court to impose attorneys' fees without conducting an evidentiary hearing "at which [Wallace] may confront and cross-examine [the] witnesses whose alleged factual information provides the basis for the amount of fees[.]" Brief of Appellant, at 30-31. We disagree and conclude that no such hearing was required given the undisputed facts and procedural history of this case. *See Kulp, supra* (affirming award of attorneys' fees for vexatious and dilatory conduct without evidentiary hearing where Appellant undisputedly violated settlement agreement); *see also Allen*, *supra* (evidentiary hearing necessary to develop record on bad faith issue only where "record is unclear as to facts surrounding litigant's conduct").

In the instant matter, this Court *sua sponte* imposed sanctions upon Attorney Tolan during Wallace's initial appeal "based upon his obdurate and

vexatious prosecution of frivolous appeals[,] despite his full knowledge that Wallace never preserved an objection to Arbitrator Rickles's participation." **Wallace**, **supra** at 1257. The record, therefore, is not "unclear as to facts" surrounding Attorney Tolan's conduct. **Cf. Allen**, **supra** at 326 (noting that "the record [was] unclear as to whether appellant brought the instant action vexatiously or in bad faith" where appellant merely failed to show good cause for requiring appellee to submit to medical examination); **Kulp**, **supra** ("[T]he instant case differs from **Allen** in that the [attorney's bad faith] was developed through undisputed facts.").

Pursuant to the trial court's December 12, 2018 order, State Farm submitted a motion for sanctions, attorneys' fees, and costs on January 11, 2019, appended with detailed time records and supporting affidavits from its attorneys stating that their rates were "fair, reasonable[,] and in accordance with rates commonly charged by other lawyers in this locale with [similar] experience and education for similar services." **See** State Farm's Motion for Counsel Fees, 1/11/19, Exhibit F. Wallace filed a response thereto.

In calculating fees and costs in accordance with this Court's order, the trial court reviewed State Farm's comprehensive submissions and Wallace's response and, in its discretion, struck nine separate time entries, reducing the requested amount of counsel fees occasioned by Wallace's prior frivolous appeal from $10,506 to $5,967, "to eliminate any excessive or duplicative

charges for the research and preparation required to address the issues in the pending appeal[.]" Trial Court Opinion, 8/22/19, at 5-6.[4]

We find that, where this Court previously determined Attorney Tolan's conduct was vexatious and obdurate such that attorneys' fees were warranted under Rule 2744, ordered the trial court to calculate the appropriate attorneys' fees, and the fee award is supported by record evidence, the trial court did not palpably abuse its discretion in awarding such fees without an evidentiary hearing. *See Kulp*, *supra*; *Allen supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2020

---

[4] Accordingly, to the extent Wallace attempts to argue that the trial court erred or abused its discretion by "vague[ly] . . . calculat[ing]" the amount of attorneys' fees to impose, this argument is without merit and belied by the record. *See* Brief of Appellant, at 30 (averring that "vagueness attended the [] trial court's calculation of the fee award due to appellee").